SCHUMITSCH vs. THE AMERICAN INSURANCE CO. OF CHICAGO.

*December 2 — December 16, 1879.*

INSURANCE AGAINST FIRE: FORFEITURE. *(1–4) Misrepresentation as to incumbrances. (2) Notice of incumbrance. (3) Presumption as to validity of incumbrance. (5, 6) Change of title by mortgage of chattels, etc.*

1. Where the application for an insurance policy is made a part of the contract, and its statements warranties, the fact that at the time of the application there were incumbrances on the property to a much greater amount than was represented by the applicant, avoids the policy.

2. The applicant is chargeable with notice of an incumbrance which appears in his claim of title.

3. Where the applicant was in possession of the land under a bond for a deed when a mortgage of such land was executed by his vendor, the presumption is that the purchase money was not fully paid.

4. When a policy includes real property and also personal property situate therein, the risk being distributed, *it seems* that a misrepresentation as

to the realty, avoiding the insurance thereon, avoids the whole policy, the contract being entire. *Hinman v. Ins. Co.*, 36 Wis., 159.

5. Where a policy covering specific kinds of personal property in a building provides that it shall be avoided by any subsequent change of title of such property, and property of the kinds described is subsequently mortgaged and placed, with other property of like character, in the building (where, but for the mortgage, the risk would attach to it), and the assured *claims payment for the loss of such mortgaged property*, the subsequent mortgage avoids the policy. TAYLOR, J., dissents from this proposition.

6. The fact that the personal property for which a recovery is claimed, is so covered by mortgages that it is difficult to ascertain the interest of the assured therein, *held* an additional reason for giving full effect to the clause providing for a forfeiture.

APPEAL from the Circuit Court for *Winnebago* County. Action on a policy of insurance against fire. By direction of the court, defendant had a verdict; and plaintiff appealed from the judgment.

*Elbridge Smith*, for the appellant.

*J. W. Lusk*, for the respondent.

COLE, J. The court below was asked to direct a verdict for the defendant on several grounds, but upon what precise ground such direction was given does not appear in the case. It is not necessary to refer to these several grounds, as the second one alone is sufficient to sustain the direction of the court, even if there were no other obstacle in the way of a recovery upon the policy. The second ground upon which the direction was asked is, in substance, that the defendant was not liable for the loss because the undisputed testimony in the case showed that the real estate, when the insurance was effected, was incumbered for a much larger amount than was stated in the application or disclosed to the agent who solicited the risk. Among other questions asked in the printed application, which was signed by the plaintiff, was this: " Is your property incumbered? By what, and to what amount, and to whom?" *Ans.* "Mortgage of $1,200." This was a

representation of an existing fact in respect to the property insured, material to the risk, and, if false, avoided the policy. *Ryan v. The Springfield F. & M. Ins. Co.*, 46 Wis., 671. In the application, the plaintiff in effect agreed that the statements made by him in respect to the property should be deemed and taken to be promissory warranties. The policy itself also provides that the application shall be deemed and be a part of the contract, and constitute a warranty on the part of the assured. Now, to our minds the proof is very strong that the only incumbrance which was actually disclosed to the agent at the time the application was made, was the $1,200 mortgage mentioned in the ninth answer. If this is so, then it is perfectly well settled, by the decisions of this and other courts, that the misrepresentation as to existing incumbrances avoided the policy; for it is admitted that there were at this time mortgages amounting to $2,963, which were liens upon the real estate.

But it is said by plaintiff's counsel, that his client was an ignorant man, who could neither read nor write, and did not understand what was written in the application by the agent of the defendant; but that he fully informed such agent in regard to these incumbrances, and that it was the agent's fault that they were not mentioned in the application. The evidence upon this point is quite conflicting; and did the case turn upon the question whether or not the plaintiff informed the agent of these existing mortgages on the property, the case should have gone to the jury to determine how the fact was. But this is not all there is in regard to the incumbrances upon the real estate. There was the Kellogg $10,000 mortgage, upon which, according to the stipulation, $5,000 remained unpaid. Now, there is not the least scintilla of evidence, nor pretense even, that the plaintiff disclosed to the agent the existence of this incumbrance. The plaintiff says he did not know, until the day before he testified, that there was such a mortgage, and of course he said nothing about it

to the agent at the time the application for insurance was made. But the mortgage was of record; the plaintiff was chargeable with notice of its existence, as it was in his chain of title. This mortgage was executed by Scott, the plaintiff's grantor, and placed upon record nearly two years before the plaintiff obtained his deed from Scott. This mortgage was executed January 25, 1869.

It appeared from the evidence that the mortgage embraced other valuable real estate besides the plaintiff's farm; but that fact does not affect the question nor aid the plaintiff's case; for he was bound by his contract to make a full disclosure as to that mortgage and all other incumbrances then existing upon the property. " The fact misrepresented was a most material one, bearing directly upon the degree of hazard involved in making the insurance. The hazard may well be regarded as greater when the interest of the insured is lessened by incumbrances on his title." *Cooper v. The Farmers' Fire Ins. Co.*, 50 Pa. St., 299; *Ryan v. Ins. Co., supra; Davenport v. New England M. F. Ins. Co.*, 6 Cush., 340; *Hayward v. Same*, 10 Cush., 444; *Wilber v. Bowditch M. F. Ins. Co.*, 10 Cush., 446; *Towne v. Fitchburg M. Ins. Co.*, 7 Allen, 51.

It also appeared from the evidence that the plaintiff purchased his farm of Scott in 1863, took a bond for a deed, went at once into possession of the premises, and has always lived upon them. A question was suggested, whether, under these circumstances, the Kellogg mortgage was really an incumbrance upon the property. There was nothing to warrant the inference that it was not. No reasonable presumption can be made, in the absence of all proof upon the subject, that the entire purchase money had been paid when Scott gave the Kellogg mortgage, and that the plaintiff was the real owner. Manifestly, to the extent of the mortgagor's interest in the property for the unpaid purchase money, the mortgage became a valid lien. The plaintiff did not obtain his deed from Scott

until December 1, 1870. Presumably, therefore, the Kellogg mortgage was an incumbrance.

The policy in this case covered a dwelling house, furniture, etc., two barns, and the grain, hay, live stock and farming utensils, etc., in them. The action is for the loss sustained by the burning of the barns and contents. The policy being avoided on account of misrepresentations as to existing incumbrances, within the doctrine of *Hinman v. The Hartford Fire Ins. Co.*, 36 Wis., 159, there can be no recovery for the loss of the barn or contents. In the Hinman case the policy covered a building and certain personal property therein. The risk was distributed, as in this case: so much upon the building, and so much upon the personal property. There was a misrepresentation in regard to the title and ownership of the real estate. It was held that this avoided the entire policy. The reason given is, that the contract of insurance is entire, and the insurer has the right to know what the interest of the insured in the property is, and to have disclosed all material facts affecting the risk; for the risk is assumed upon the express condition that these facts have been accurately and truly stated in the application. See *Lovejoy v. Augusta M. Fire Ins. Co.*, 45 Maine, 472; *Day v. Charter Oak F. and M. Ins. Co.*, 51 Maine, 91. But, as we understand the testimony, there is an additional obstacle in the way of recovering for the loss of the personal property in the barns. There were at least one, if not two, chattel mortgages given on some portion of the personal property after the policy was issued. The policy provided that if the property insured should be sold or transferred, or any change should take place in the title without the consent of the company, this should avoid the policy. Now, upon this point we are disposed to hold this rule: Where a policy is issued which covers personal property, such as hay, grain, live stock, farming utensils, etc., in a building, and any property of that description is subsequently mortgaged and placed in the building where the risk

Schumitsch vs. The American Ins. Co. of Chicago.

will attach to it under the general language used, and the insured claims payment for the loss of such mortgaged property as being covered by the policy, there the subsequent chattel mortgage should be deemed a breach of the condition of the policy. If the insured should place subsequently mortgaged property in a building, not claiming that it was covered by the policy, and other personal property in the building should be destroyed which was covered by the policy, the insurance upon the unincumbered property might not be affected by the fact that mortgaged property was in the building at the same time, and destroyed with it; but the rule would be otherwise if the insured claimed that the mortgaged property was covered by the policy, and that he was entitled to be paid for its loss. The personal property was so covered by mortgages that it is difficult to determine the plaintiff's interest therein. This furnishes an additional reason for giving full effect to the above cited clause in the policy. Therefore, upon this ground as well as upon the one first noticed, we think that there could be no recovery in this case, and that the direction of the circuit court to find for the defendant was correct.

The judgment of the circuit court must be affirmed.

TAYLOR, J. I assent to the opinion of the court that the judgment of the circuit court should be affirmed, but dissent from that part of the opinion which holds that the giving of a chattel mortgage by the assured upon any part of his personal property, after the date of the policy, without giving notice thereof to the company, and his making claim, after the loss, that such personal property so mortgaged was covered by the policy, vitiates the policy as to all the property insured thereby.

*By the Court.* — Judgment affirmed.