## LANE v. SNOW.

1. **Mechanic's Lien:** UPON IMPROVEMENTS ON ANOTHER'S LAND. A person who wrongfully makes improvements on another's land cannot defeat a mechanic's lien on the improvements by showing that he had no right to enter upon the land; neither can a purchaser from him of the improvements.

2. ———: UPON IMPROVEMENTS, WITHOUT CONTRACT WITH OWNER OF FEE. Under § § 2130 and 2136 of Miller's Code, a right to a lien on improvements may exist without any contract with the owner of the fee, but by contract with the owner of the improvements.

*Appeal from O'Brien Circuit Court.*

FRIDAY, JUNE 12.

THIS is an action to foreclose a mechanic's lien. O. N. Snow and Martha Snow were made defendants. The plaintiff alleged that about May 1, 1884, he entered into an oral contract with O. N. Snow to furnish lumber, a pump and other materials for the improvement of a brick-yard, and for the construction of buildings and sheds therefor; that the brick-yard was situated on certain real estate, a description of which was given in the petition; that he furnished the lumber, etc., in pursuance of the contract, and that the same was used in the improvement of said brick-yard; that he filed a mechanic's lien for the materials so furnished; and he demanded judgment for the amount due, and a lien upon the said materials, building and sheds, and the interest of said Snow in said premises. The petition also set forth that defendant Martha Snow claimed some interest in said improvements, but that any interest she had was subordinate to the claim of the plaintiff. O. N. Snow did not appear to the action, and a judgment and a decree were entered against him, as prayed in the petition. Martha Snow appeared and answered. The plaintiff demurred to the answer, and the demurrer was sustained. She did not amend her answer, and appeals from the order sustaining the demurrer.

*Barrett & Bullis*, for appellant.

*J. B. Emmes*, for appellee.

ROTHROCK, J.—Martha Snow admitted in her answer that the plaintiff furnished the lumber and materials as he alleged,

1. MECHANIC'S lien: upon improvements on another's land.

but she averred that after her co-defendant completed the brick-yard she purchased the same of him. She claimed that plaintiff was not entitled to a lien, because the land on which the yard was located was not owned by O. N. Snow; that he had no interest therein, and no right to go upon the land; and in putting the said improvements upon the land he was a trespasser. The demurrer was to the effect that the answer did not constitute a defense to the plaintiff's action.

It will be observed that the plaintiff does not seek to establish a lien against the land. The question then is, can the person who wrongfully makes improvements upon the land of another defeat a mechanic's lien upon the improvements, by showing that he had no right to enter upon the land, and was a trespasser? We say this is the question to be determined, because appellant, as assignee of O. N. Snow, by her purchase of the brick-yard, can make no defense to this action which could not have been made by him. And to allow him to defeat the lien upon the grounds set up in the answer would be allowing him to take advantage of his own wrong. It will be time enough to determine his right to make the improvements when the owner of the land shall appear and make some claim adverse to the plaintiff. Coun-

2. ——: upon improvements, without contract with owner of fee.

sel for appellant contend that the right to a mechanic's lien can only be acquired by a contract with the owner of the land. But we think it is very plainly provided in sections 2130 and 2136 of Miller's Code that a right to a lien upon the improvements may exist without any contract with the owner of the fee, but by contract with the owner of the improvements.

AFFIRMED.