GARVER, ADM'R, v. THE HAWKEYE INS. Co.

1. **Fire Insurance**: SOLE OWNERSHIP OF PROPERTY: FALSE REPRESENTATIONS. Where the statements made in the application for fire insurance were by the terms of the policy made warranties, and the assured therein stated that he was the "sole and undisputed owner of the land and the property to be insured," whereas he owned only a life estate in the realty, *held* that he could not recover for a loss under the policy. BECK, J., *dissenting*.

2. ———: PREMIUM IN GROSS: CONTRACT NOT DIVISIBLE. Where the premium paid for a policy of fire insurance is a gross sum, though the amount of the insurance on the different items of the insured property is fixed in the policy, *held* that the contract is not divisible, and where it is vitiated as to one item of the property it is vitiated as to all.

*Appeal from Polk Circuit Court.*

FRIDAY, JUNE 18.

ACTION in equity to reform and recover on a policy of insurance against loss or damage by fire or lightning. Partial relief was granted the plaintiff, and both parties appeal.

*? Guthrie & Maley* and *J. B. Johnson*, for appellant.

*Smith & Morris* and *Geo. R. Sanderson*, for appellee.

SEEVERS, J.—The property insured was destroyed by fire, and consisted of "one frame barn, hay, grain, mowing-machine, wagons, carriages, farming utensils, and one threshing-machine in said barn; also work horses and live-stock in barn-yard or on farm,—all situated and being in the ———— quarter, section 36, township 78, range 34, county of Polk, Iowa." In the application for insurance the property is described substantially as above stated, and among other questions asked and answered in the application by the assured is the following: "Are you the sole and undisputed owner of said land and the property to be insured?" This question the assured answered, "Yes." The statements in the application were, by both the policy and application, made warranties. The assured was the owner of a life-estate only in the real estate.

I. That the assured had an insurable interest in the property insured will be conceded, if his interest therein had been correctly stated in the application.

1. FIRE insurance: sole ownership of property: false representation.

The question to be determined is materially different. It is whether, because of a misdescription material to the risk, there can be a recovery on the policy. The precise question we are required to determine is, whether the owner of a life-estate is the "sole and undisputed owner" of real estate. In *Davis v. Iowa State Ins. Co.*, 67 Iowa, 494, it was held that the owner of a life-estate did not own an "absolute interest" in real estate; and in *Leathers v. Farmers' Mut. Ins. Co.*, 4 Fost., 259, it was held that a tenant by the curtesy in right of his wife "was the owner of an estate for his own life," and therefore

was not the "owner of the buildings insured." In Bouvier's Law Dictionary the owner of property is said to be one "who has dominion of a thing, real or personal, corporeal or incorporeal, which he has the right to enjoy, and to do with as he pleases, even to spoil or destroy it as far as the law permits, unless he be prevented by some agreement or covenant which restrains his right." The owner of a fee-simple title to real estate may commit waste, but the owner of a life-estate cannot lawfully do so. /Now, what does "sole owner" mean, or what did the parties understand thereby? Evidently, we think, they meant, and must have understood, that the assured had the fee-simple title. "Sole owner" must mean, it seems so us, that no one else has or owns an interest in the real estate. If one should state that he was the sole owner of real estate, describing it, the hearer would understand that he owned all there was or could be owned; that no one else had any interest therein. If one should covenant in a deed that he was the sole owner of the real estate, such a covenant would be broken if he owned a life-estate only. There is no distinction between "sole owner" and the owner of an "absolute interest" in real estate. A sole interest and absolute interest mean the same thing.

II. The court found and determined that there could be a recovery for the value of two horses insured by the policy;

2. ——: premium in gross: contract not divisible.

and we are required to determine whether the contract of insurance was an entire or separable contract. If it was the former, then there can be no recovery; if the latter, then there may be. There was but one policy, and the premium paid, or agreed to be paid, was a gross sum; that is, the premium was paid for the insurance of the whole of the property, but there was a separate valuation or amount of insurance placed on the barn and each of the articles or things above mentioned. For instance, the policy provides that the total amount of insurance is $3,800 "on the property hereinafter described, namely: One frame barn, No. 1 on diagram on application,

$1,000; * * * No. 3, on work horses, not to exceed $75 on each" Where there are specifications of separate premiums paid for such insurance, it will be conceded that there is a conflict in the authorities as to whether the contract is entire or separate, but we think there is no such conflict where the premium is a single or gross sum. It seems to us this must be so, for there is but a single contract, and but a single consideration, and such a contract must be entire and not divisible. In consideration of the whole premium, all the property named in the policy is insured. One party to such a contract cannot, at his pleasure, make it divisible or entire as his interest may appear. When entered into, it was either the one or the other.

The facts in *Plath v. Minnesota Farmers' Mut. Fire Ins. Ass'n,* 23 Minn., 479, were precisely the same as in the case at bar, and it is there said: "It is well settled by a uniform current of authority that a contract of insurance of this character is an entirety and indivisible; the sole effect of the apportionment of the amount of insurance upon the separate and distinct items of property named in the policy being to limit the extent of the insurer's risk, as to each item, to the sum specified." In support of this view, a large number of adjudged cases are cited. In addition thereto, see *Schumitsch v. American Ins. Co.,* 48 Wis., 26; S. C., 3 N. W. Rep., 595; and *Ætna Ins. Co. v. Resh,* 44 Mich., 55; S. C., 6 N. W. Rep., 114. The judgment of the circuit court on the plaintiff's appeal is affirmed, and on the defendant's appeal, reversed.

BECK, J., *dissenting.*—The application for the insurance contains a warranty that plaintiff is "the sole and undisputed owner" of the land and the property insured. Defendants insist that, as plaintiff held only a life-estate in the realty, this warranty is violated. It cannot be doubted that a tenant for life has an insurable interest in buildings situated on

the land.   Such an interest is held by lien-holders, and others holding an interest in the real estate less than the fee-simple title; and it has been held that a tenant for life may recover the sum insured, and, at his option, apply it to rebuilding the property insured, or may retain the avails of the insurance.   It may be that the remainder-man could, in equity, require the avails to be applied to rebuilding the property; and it may be that the tenant for life could recover on the policy no greater sum than his life-interest in the insured property is worth.   See 1 Phil. Ins., §§ 349–351. But these questions as to the rights of the remainder-man, and the amount which the insured may recover, are not raised by the pleadings, and therefore cannot be considered in the case.   Defendant pleads the life-estate of plaintiff as a full defense to the action, and does not in its answer set up that there was an over-insurance, and that plaintiff can recover no greater sum than the value of his interest.   No evidence applicable to such defense was introduced, as no issue involving it is presented in the pleadings.   Whatever is briefly said by counsel for defendant in their printed argument upon this point has no application to any issue of the case.   The defendant having an insurable interest, the policy is not void for the reason that such interest was not greater than a life-estate.

But is the declaration in the application that the insured is the "sole and undisputed owner" of the property insured false, and is plaintiff's warranty therefore violated?   An owner of property is one who owns it, who is the rightful proprietor, or who holds the legal and rightful title to it, whether in or out of possession.   See Webst. Dict.   The term does not refer to the extent, quantity, or nature of the interest in property, but to the numbers of owners of the interest. A. may hold the fee-simple title.   He is the owner of the absolute estate.   B. holds a life-estate.   He owns the interest indicated by his tenure.   Both are owners, and both hold legal and rightful titles.   But the respective titles do not

assure equal interests. A. owns an estate in perpetuity; B. an estate for life. Each, however, is called the owner. A life-estate is of greater dignity, at common law, than an estate for years, and the tenant for life has rights not held by a tenant for years, except under express provisions of the lease creating the tenancy. But surely both a tenant for a term of years and a tenant for life, each exercising full control of real estate, would be spoken of as the owners of the property held by them.

The language of the question asked by the defendant in the application of plaintiff cannot be understood as relating to the title or tenure of the plaintiff. It can only be understood as inquiring whether the plaintiff owned an interest in the property,—not the nature and extent of that interest,—and whether any other person had property with him in that interest. In our opinion, the plaintiff's answer that he is the sole owner of the property cannot be regarded as false. See Fland. Ins., 299.

This case is distinguished from *Davis v. Iowa State Ins. Co.*, 67 Iowa, 494, by the fact that the interest of the assured in the property covered by the policy was required to be made known in that case, whether such interest was a leasehold or other interest not absolute. The applicant holding a life-estate stated that no person other than herself was interested in the property. This representation was untrue, for there was an interest in the property by another. Upon these grounds I dissent to the foregoing opinion of the majority of the court.