Loomis, Appellant, vs. The Rockford Insurance Company, Respondent.

*May 2 — May 20, 1890.*

*Insurance against fire: Divisible contract: Sale of part of property without consent: Gross premium: Presumption as to rate on separate items.*

Three buildings and certain personal property, situated on three different farms, were insured, each for a separate amount, by a policy stating the premium as a gross sum. That sum was 1½ per cent. of the aggregate insurance. *Held*, that the contract was divisible, and that the sale of one of the buildings, in violation of a stipulation against changing the title of the insured property without the consent of the insurer, did not avoid the policy as to the other property situated several miles from the building sold. In the absence of evidence to the contrary it is presumed that each item was insured at 1½ per cent. premium, and the contract is construed as though it was so expressed in the policy.

APPEAL from the Circuit Court for *Dane* County.

This is an action upon a policy of insurance to recover for a loss by fire of a portion of the insured property. The

first paragraph of the policy is as follows: "*The Rockford Insurance Company* of Rockford, Illinois, in consideration of a note for $16.50, due July 1st, 1886, does insure *G. H. Loomis* and his legal representatives against loss or damage by fire or lightning to the amount of $1,100, as follows: $300 on 1½-story frame dwelling-house No. 1, and additions thereto, including foundation and cellar walls, occupied by ——— ——— as a private family residence; $200 on house No. 2; $300 on tobacco shed; $300 on tobacco, fodder, hay, or grain on sections 1, 2, and 11, situate, except as otherwise provided, on sections 1, 2, and 11, townships of Burke and Westport, Dane county, in state of Wisconsin,— from the 13th day of January, 1886, at 12 o'clock noon, to the 13th day of January, 1891, at 12 o'clock noon." The note above mentioned was paid at maturity.

It is stipulated in the policy that, if any change takes place in the title to the property insured without the consent of the secretary of the defendant company, the policy shall be null and void. A breach of this stipulation by the insured as to a part of the insured property is relied upon to defeat a recovery in the action.

The testimony introduced on the trial shows, or tends to show, that when the policy was issued plaintiff owned three farms in Dane county,— one in the town of Burke, on section 11, on which is located dwelling-house No. 1, mentioned in the policy; another on section 2 in the town of Westport, several miles distant from the Burke farm, on which house No. 2 therein mentioned is located; and the other on section 1 in Westport, on which stood the insured tobacco shed,— and that the tobacco shed and a quantity of tobacco and hay on section 1 were destroyed by fire August 21, 1888; also, that after the policy was issued, and before the fire, plaintiff sold and conveyed his farm in Burke, including dwelling-house No. 1, without the consent of the secretary of the defendant company. . There was some

testimony which, it is claimed, proves a waiver by the insurance company of the alleged breach of the contract. This feature of the case is not considered in the opinion, and it is therefore unnecessary to state such testimony.

The circuit court held that the contract of insurance is entire and indivisible, and that such conveyance of the Burke farm, on which stood one of the insured buildings, vitiated the whole contract. Whereupon the court nonsuited the plaintiff. The plaintiff appeals from the judgment of nonsuit.

For the appellant there was a brief by *Rogers & Hall*, and oral argument by *W. H. Rogers*.

*H. W. Chynoweth*, for the respondent.

LYON, J. If, as the learned circuit judge held, the contract of insurance is entire and indivisible, the conveyance by the plaintiff of the Burke farm, on which stood dwelling-house No. 1, without the consent of the secretary of the defendant company, before certain other of the insured property was burned, renders the whole policy null and void, and the nonsuit was properly ordered; otherwise not. In the cases of *Hinman v. Hartford F. Ins. Co.* 36 Wis. 159, and *Schumitsch v. Am. Ins. Co.* 48 Wis. 26, the contracts of insurance there in question were held indivisible. In those cases the property insured consisted of buildings and personal property contained therein, and in the applications for the policies there were misrepresentations by the assured of their title to the realty. In each case the risk was distributed to the different items of property insured. These cases will be adhered to, and the question is whether they rule the present case.

There is some apparent conflict of authority as to the rules by which it is to be determined whether the contract in a given case, which insures several items of property, is an entire contract, or whether it is divisible. An examina-

tion of the cases will show, we think, that as to a large majority of them the conflict is apparent rather than real. All the cases seem to agree that, although the insurance is distributed to the different items of insured property, the contract is indivisible if the breach of the contract as to an item of the property affects, or may reasonably be supposed to affect, the other items, by increasing the risk thereon.

In *Fire Asso. v. Williamson*, 26 Pa. St. 196, the insurance was upon three *adjoining* buildings,— a specified sum on each,— and the breach of the contract alleged was the keeping of gunpowder in one of the buildings, which caused the burning of them all. The contract was held indivisible. In *Gottsman v. Pennsylvania Ins. Co.* 56 Pa. St. 210, the insurance was distributed upon a barn and certain property in an hotel standing within about sixty feet of the barn. As in the cases in this court above cited, the assured misrepresented his title to the real property, which misrepresentation, by the terms of the policy, invalidated the whole insurance. The property in the hotel was burned. The contract was held indivisible, and the whole insurance forfeited. Several Massachusetts cases are cited in the opinion, among which are *Friesmith v. Agawam M. F. Ins. Co.* 10 Cush. 590; *Brown v. People's M. Ins. Co.* 11 Cush. 280; and *Kimball v. Howard F. Ins. Co.* 8 Gray, 38. These cases, in their essential facts, are in principle like the above cases in this court, except that in the case last cited there was no misrepresentation, but the assured obtained additional insurance upon a portion of the insured property, contrary to the conditions of the policy. *Lee v. Howard F. Ins. Co.* 3 Gray, 583, is also cited. In that case the contract of insurance was held indivisible because, by the terms of the policy, "the property was insured as one risk, and was in fact closely connected together." In *Kelly v. Humboldt F. Ins. Co.* 6 Atl. Rep. (Pa.), 740, the insurance was for a specified

sum on each of two *connected* buildings, and a house situated in the rear of them. The contract was held indivisible on the authority of the cases in that state above cited. In *Bowman v. Franklin F. Ins. Co.* 40 Md. 620, the insurance was distributed upon a distillery and machinery therein, and there was a breach of the condition as to the real estate which worked a forfeiture of the policy, by its terms. *Lovejoy v. Augusta M. F. Ins. Co.* 45 Me. 472; and *Day v. Charter Oak F. & M. Ins. Co.* 51 Me. 91, are also similar in principle to the two cases in this court first above cited. The property insured in each was a building and its contents, and there was a misrepresentation by the assured of his title to the realty.

None of the above cases seem to have been decided upon the proposition that the contract was entire merely because the premium was not also distributed to the several items of insured property, yet there are expressions in some of the opinions which seem to give weight to that circumstance. But in *Plath v. Minnesota F. M. F. Ins. Asso.* 23 Minn. 479, and *Garver v. Hawkeye Ins. Co.* 69 Iowa, 202, the contracts seem to have been held indivisible mainly upon the ground that the premiums were not so distributed.

The foregoing cases have been referred to at some length because they are chiefly relied upon by the learned counsel for the defendant company to establish the invalidity of the contract of insurance in the present case, and because they are believed fairly to represent nearly all the cases in which such contracts have been held indivisible. The same counsel also cited and relied upon *McGowan v. People's M. F. Ins. Co.* 54 Vt. 211. The facts of that case are not very fully stated, but it may be gathered from the report that the insurance was upon a dwelling-house and personal property in it, and the assured mortgaged the realty contrary to a condition in his policy. It was there claimed that the con-

tract was divisible, and that the assured should recover the insurance upon the personal property which had been burned, although the policy had become void as to the dwelling-house. The court negatived this claim, and held the contract indivisible. The decision is placed upon the ground that by the terms of the policy the insurer had a lien upon the insured buildings for the payment of assessments upon the premium note, and the cause which rendered the policy void as to the buildings affected such security. The court might well have held, also, that the contract was entire because of the fact that the personal property insured was located in such buildings, and any breach of the contract in respect to the buildings must necessarily affect the risk upon the property therein, to the injury of the insurer. In that case the court laid down general rules for determining whether such a contract is divisible or not. These rules are so reasonable and satisfactory that we feel justified in quoting somewhat at length from the opinion. The court says: " This is a question of great practical importance, as a large proportion of insurance contracts embrace more than one item of property insured. The decisions are apparently conflicting, but, we think, are easily-reconciled by referring to the plain principles which should govern them. The general rule, 'void in part, void *in toto*,' should apply to all cases where the contract is affected by some all-pervading vice, such as fraud or some unlawful act condemned by public policy or the common law; cases where the contract is entire and not divisible; and all those cases where the matter that renders the policy void in part, and the result of its being so rendered void, affects the risk of the insurer upon the other items in the contract. Keeping these rules in mind, the leading cases upon this subject can all be reconciled. A recovery should be had in all those cases where the contract is divisible, the different properties insured for separate sums, and the risk upon the property,

which is claimed to be valid, unaffected by the cause that renders the policy void in part. Such are the cases of *Howard F. & M. Ins. Co. v. Cornick*, 24 Ill. 455; *Hartford F. Ins. Co. v. Walsh*, 54 Ill. 164; *Clark v. New England M. F. Ins. Co.* 6 Cush. 342; *Date v. Gore D. M. F. Ins. Co.* 14 U. C. C. P. 548; *Phœnix Ins. Co. v. Lawrence*, 4 Met. (Ky.), 9; *Loehner v. Home M. Ins. Co.* 17 Mo. 247; *Koontz v. Hannibal Savings & Ins. Co.* 42 Mo. 126; *Cucullu v. Orleans Ins. Co.* 6 Mart. (N. S.), 11."

It is believed that the rules thus laid down by the Vermont court do not conflict with any of the cases above referred to, except possibly the two cases in Minnesota and Iowa. The proposition determined in those two cases does not commend itself to our judgments as sound. While the fact that the premium is stated in the policy at a gross sum, and is not distributed to the different items of insured property, is a circumstance to be considered in interpreting the contract, we do not think it is controlling. If two houses, located one mile apart, are insured in the same policy for $1,000 each, and there is nothing to show that they do not belong to the same class of risks, we cannot believe that, merely because the premium is stated in the policy to be $20 on both houses, instead of $10 on each, the contract thereby becomes indivisible, when it would undoubtedly have been divisible had the latter formula been adopted.

In the present case the aggregate of the insurance is $1,100, and the premium is stated in gross at $16.50, which is $1\frac{1}{2}$ per cent. on the amount of the insurance. There is nothing in the policy or testimony to show that the insured property belonged in different classes, upon which are charged respectively different rates of insurance, or that the percentage of premium is an average between higher and lower rates which the parties understood were charged and paid upon different items of the insured property. The presumption is, therefore, that each item was insured at $1\frac{1}{2}$ per

cent. premium, and the contract should be construed as though it was so expressed in the policy. Had it been so expressed therein, there can be no doubt the contract would be divisible, and so the learned counsel for the defendant company frankly admitted during the argument of the cause.

The views above indicated are fully sustained by the cases of *Clark v. New England M. F. Ins. Co.* 6 Cush. 342; *Havens v. Home Ins. Co.* 111 Ind. 90; *Phenix Ins. Co. v. Pickel*, 119 Ind. 155; *Merrill v. Agricultural Ins. Co.* 73 N. Y. 452; *Schuster v. Dutchess Co. Ins. Co.* 102 N. Y. 260; *Loehner v. Home M. Ins. Co.* 17 Mo. 247; *Quarrier v. Peabody Ins. Co.* 10 W. Va. 507. Indeed, many of the above cases go much further than this court has gone in asserting the divisibility of such contracts.

It is not denied that the policy in suit was valid when issued. No misrepresentation or breach of warranty on the part of the assured is claimed. But after the policy was issued the assured violated one of its material conditions by conveying to another one of the insured houses without consent of the insurer, which certainly invalidated the policy as to that house. But it is quite impossible to say from the record before us that the risk upon the insured property destroyed by fire, which property was located five miles distant from the house so conveyed, was increased, or in the slightest degree affected, by such conveyance. We are constrained to hold, therefore, that the contract is divisible, and hence that it was error to nonsuit the plaintiff.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded for a new trial.