Loomis, Appellant, vs. The Rockford Insurance Company, Respondent.

*February 4 — February 23, 1892.*

*Insurance against fire: Divisible contract: Distributed risk: Gross premium: Parol evidence.*

Buildings situated upon different farms several miles apart were insured by a policy which distributed the risk but stated the premium as a gross sum, which was 1½ per cent. of the aggregate insurance. On a former appeal it was held that on its face the contract was divisible; that the presumption was, and the policy was to be construed as though it stated, that each item was insured at 1½ per cent. premium. Whether, in an action other than one to reform the contract, evidence *aliunde* the policy is admissible to show the contract indivisible, is not now determined; but it is *held* that to accomplish that result the proof must show that the minds of the parties met upon and assented to the proposition that different rates of insurance were charged upon the property, and that the aggregate premium expressed in the policy was an average or compromise between higher and lower rates. *Loomis v. Rockford Ins. Co.* 77 Wis. 87, explained and followed.

APPEAL from the Circuit Court for *Dane* County.

This action is upon a policy of insurance. It came to this court on a former appeal from a judgment of nonsuit. The judgment was reversed, and the cause remanded for a new trial. 77 Wis. 87. The cause has been again tried in the circuit court, a verdict for defendant directed, and judg-

ment entered thereon against the plaintiff. The plaintiff appeals from such judgment.

A full statement of the conditions in the policy and the facts of the case will be found in the report on the former appeal.

For the appellant there was a brief by *Rogers & Hall,* and oral argument by *F. W. Hall.* To the point that it was error to admit testimony as to the different classes of risks, they cited *Mut. S. Ins. Co. v. Hone,* 2 N. Y. 240; *Illinois Mut. F. Ins. Co. v. O'Neile,* 13 Ill. 93; May, Ins. sec. 579*b; Glendale Mfg. Co. v. Protection Ins. Co.* 21 Conn. 37; *La Fayette Co. M. Corp. v. Magoon,* 73 Wis. 634.

*H. W. Chynoweth,* for the respondent.

Lyon, C. J. The policy covers property located on different farms several miles apart. The question on the former appeal was whether the policy was divisible or not. The circuit court held it indivisible; and because the plaintiff had sold and conveyed one of the insured buildings without the consent of the defendant company, in violation of a stipulation in the policy, the court nonsuited him. On the appeal from the judgment of nonsuit this court held that, because the insured house which the plaintiff thus sold and conveyed was located five miles distant from the insured property which was burned, because the risk upon the latter property was entirely unaffected by such conveyance, and because the risk was distributed in the policy to the insured property in the different locations, the contract of insurance was, *prima facie* at least, divisible, although one sum was specified in the policy as the premium on all the insured property. 77 Wis. 87. That decision is *res adjudicata* in the case, and must be adhered to. The grounds of the decision are quite fully stated in the opinion on that appeal, and require no repetition here.

It is claimed by counsel for defendant that the opinion

sanctions the introduction of testimony *aliunde* the policy
to show that the insured property belonged in different
classes, upon which different rates of insurance are charged;
and, that fact being proved, the legal inference therefrom
is that the premium named in the policy is an average one,
or a compromise between higher and lower rates, which
renders the premium, and necessarily the risk also, entire
and indivisible.   The passage referred to in the opinion is
as follows: "In the present case the aggregate of the in-
surance is $1,100, and the premium is stated in gross at
$16.50, which is $1\frac{1}{2}$ per cent. on the amount of the insurance.
There is nothing in the policy or testimony to show that
the insured property belonged in different classes, upon
which are charged respectively different rates of insurance,
or that the percentage of premium is an average between
higher and lower rates which the parties understood were
charged and paid upon different items of the insured prop-
erty.   The presumption is, therefore, that each item was
insured at $1\frac{1}{2}$ per cent. premium, and the contract should
be construed as though it was so expressed in the policy.
Had it been so expressed therein, there can be no doubt ·
the contract would be divisible, and so the learned counsel
for the defendant company frankly admitted during the
argument of the cause."   Counsel misapprehends the opin-
ion.   If it justifies the admission of evidence *aliunde* the
policy to show the contract indivisible, it does not hold
mere proof that the insured property belongs in two classes,
on one of which insurance companies charge a higher rate
of premium than on the other, sufficient to establish the
indivisibility of the contract.   The fair construction of the
language is that to accomplish such result the proof must
show that the minds of the contracting parties met upon
and assented to the proposition that different rates of in-
surance were charged upon the property, and that the ag-
gregate premium expressed in the policy was an average

Loomis vs. The Rockford Ins. Co.

or compromise between higher and lower rates. No such proofs were offered by defendant, but plaintiff introduced testimony which tended to prove (probably does prove) that the parties to the contract understood that each item of the property was insured at the same rate, and hence that the premium and risk were divisible, as held on the former appeal. The learned circuit court held that the evidence conclusively proved the insured property belonged in different classes of property, on which different rates of insurance were charged by insurance companies, and that the aggregate premium expressed in the policy in suit was an average between higher and lower rates, which rendered the contract of insurance entire, and necessarily defeated the action. For reasons already stated, the ruling was erroneous.

Whether parol testimony is admissible to show that a written contract which we have held to be on its face divisible is in fact indivisible because of an understanding between the parties when they made it, which is not expressed in the writing, was not determined or suggested on the former appeal and will not be determined here. But it seems quite apparent that the admission of such testimony comes dangerously near violating the rule that parol testimony of antecedent negotiations or agreements is inadmissible to contradict or vary the terms of the written contract. If, without fraud, the writing fails to express the real agreement of the parties, the safer course is to apply to the court for a reformation thereof. In such a proceeding the parol testimony would be admissible.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded for a new trial.