BURR, Respondent, vs. GERMAN INSURANCE COMPANY OF FREEPORT, ILLINOIS, Appellant.

*December 9, 1892 — January 10, 1893.*

*Insurance against fire: Indivisible contract: Change in possession by legal process: Waiver of forfeiture.*

1. The property covered by an insurance policy was all personal property and stored in the same warehouse. The risk was distributed to different items, but the premium paid was a gross sum. The policy provided that it should cease to be binding upon the company if the property insured should be levied upon or taken into possession or custody under any legal process. *Held*, that the contract was indivisible, and that upon a change in the possession of a portion of the property, through its seizure under a writ of attachment, the policy became void as to all of the property.

2. *Carey v. German Am. Ins. Co., post,* p. 80, as to oral waiver of a forfeiture, followed.

APPEAL from the Circuit Court for *Winnebago* County.

On November 1, 1888, the defendant company, in consideration of $16 premium paid, issued its policy of insurance to one James Carey for the term of one year from November 1, 1888, to November 1, 1889, to the amount of $800, against loss or damage by fire to the following specified property, to wit, $675 on the cranberry boxes and barrels, $75 on three cranberry railroad cars, $50 on cranberry separator,— all stored in the warehouse therein described. The amount of loss or damage was therein agreed to be estimated according to the cash actual value of the property at the time of the fire, and to be paid in sixty days after the loss should be ascertained, in accordance with the terms and conditions of said policy. The policy also contained provisions to the effect that, if the property thereby insured should be levied upon or taken into possession or custody under any legal process, or if the title or possession should be disputed in any legal pro-

ceedings. at law or in equity, then said policy should at
once cease to be binding upon the company; and that no
suit or action of any kind, under or by virtue of the policy,
should be sustainable, unless commenced within six months
next after the loss or damage should occur.

On September 19, 1889, the property insured was de-
stroyed by fire. On September 24, 1889, the said James
Carey assigned all his right, title, and interest in said claim
for such loss under said policy to the plaintiff in this action.
On April 16, 1890, this action was commenced to, recover
such loss under this policy. The defendant's answer
consisted of admissions, denials, and alleged breaches of
conditions, and that the action was not commenced within
the time prescribed in the policy.

At the close of the trial the jury returned a special ver-
dict, to the effect that there were 4,440 of the boxes insured
which were destroyed by said fire; that 2,959 of said boxes
had been levied upon by the sheriff; that the boxes so de-
stroyed by fire were, at the time, of the value of fifteen cents
each, total, $666; that 160 barrels so insured were de-
stroyed by said fire; that they were of the value of 37½
cents each, total, $59.20; that October 1, 1889, the adjuster
and state agent of the defendant did claim that the de-
fendant was not liable for the loss under the policy, and at
the same time stated that he would refer the matter to the
company; that the value of the cranberry separator so in-
sured, and destroyed by fire, was $60.

Judgment was entered upon the special verdict in favor
of the plaintiff for $808.99 damages, and $134.11 costs.
The defendant appeals.

For the appellant there was a brief by *Sylvester & Schei-
ber*, and oral argument by *F. Scheiber*. They argued, among
other things, that at the time of the fire the property in-
sured was in the possession of the sheriff under legal process.
May, Ins. (2d ed.), sec. 274. It has been held that a seiz-

ure, taking possession under legal process, of property insured, avoids a policy containing a condition similar to that here in question, whether the levy is legal or not. *St. Paul F. & M. Ins. Co. v. Archibold,* 16 Ins. L. J. 153.

John J. Wood, Jr., attorney, and *Gabe Bouck,* of counsel, for the respondent.

CASSODAY, J. It is undisputed that the policy was issued to James Carey; that after the fire, and before the commencement of this action, the claim for the loss was assigned to the plaintiff by Carey; that September 14, 1889, and five days prior to the fire, upon an attachment issued in an action in favor of one Stanley and against said Carey and another, the sheriff levied upon and seized, under said writ, all the cranberries, cranberry boxes and barrels then in the warehouse mentioned in said policy, except the east 1,500 boxes of berries, and except the west 300 boxes of berries, which he did not levy upon, for the reason that they had previously been conveyed or mortgaged to W. D. Williams. For the reasons given in the opinion of Mr. Justice ORTON in *Carey v. German American Ins. Co., post,* p. 80, we must hold that the policy was rendered inoperative and void by such levy, seizure, and change of possession, under the clause of the policy on that subject contained in the foregoing statement, and that the same was not waived nor revived by the defendant's adjuster and state agent; the provisions of the two policies in these respects being substantially the same.

The question recurs whether the policy was thereby rendered inoperative and void as to the property thereby insured and not so levied upon nor seized by the sheriff. In *Loomis v. Rockford Ins. Co.* 77 Wis. 87, and 81 Wis. 366, three buildings and certain personal property, situated on three different farms, were insured, each for a separate amount, by a policy stating the premium as a gross sum;

Burr vs. German Ins. Co. of Freeport, Ill.

and it was held that the contract was divisible, and that the sale of one of the buildings, in violation of a stipulation against changing the title of the insured property without the consent of the insurer, did not avoid the policy as to the other property, situated several miles from the building sold. In that case the present chief justice discusses the questions of divisibility and indivisibility of such contracts at length, and upon authority and reason; and there is no purpose here of renewing the discussion. In so deciding, the court expressly adhered to the former adjudications of this court there cited. In each of those cases the property insured consisted of buildings and personal property contained therein, with the risk distributed to the different items covered by the policy, and it was held that the contract of insurance, as to each building and the personal property therein, was indivisible. *Schumitsch v. American Ins. Co.* 48 Wis. 26; *Hinman v. Hartford F. Ins. Co.* 36 Wis. 159. In the case at bar the property covered by the policy was all personal, and situated in the same warehouse. The premium paid was a gross sum. The provision avoiding the policy in case of such levy, seizure, or change of possession was designed to protect the company against any increase of risk by virtue of such levy, seizure, or change of possession. The property insured being so situated that any increase in the risk, as to any portion thereof, necessarily increased the risk as to the whole, it is very obvious that the whole risk was a unit, and the contract of insurance an entire, indivisible contract. It follows that the avoidance of the policy by virtue of the levy, seizure, and change of possession went to the whole contract, and rendered it wholly inoperative and void. This makes it unnecessary to consider the question whether the action was commenced within the time limited by the policy.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.