ELLA M. SMITH v. THE ST. PAUL FIRE & MARINE INSUR-
ANCE COMPANY, Appellant.

**Mechanic's Lien:** EQUITABLE INTERESTS. The interest of an equitable
1  owner of land may be subjected to a mechanic's lien.

OWNER OF BUILDING ALONE. Where one in possession of land to
1  which he has no title, erects a building thereon, it will be subject
to mechanic's lien for material used in constructing it.

EVIDENCE. Insured testified that he purchased the materials for the
insured building from certain mechanic's lien claimants whose
4  lien claim was introduced in evidence, and described the same
land as that on which the insured testified that the insured build-
ing was located. *Held,* sufficient evidence to show that the lien
was claimed on the insured building.

INSURANCE: *Forfeiture.* A provision for forfeiture of a policy of
1  insurance if the property shall be encumbered, or if any action or
2  proceeding shall be commenced affecting the title thereto is valid
and enforceable, although the insured may not be responsible for
the condition contemplated.

SAME. A mechanic's lien is an encumbrance within the provision of
1-3  a policy of insurance forfeiting the same if the property be
encumbered.

SAME. The commencement of an action to foreclose a mechanic's lien against the insured property operates as a forfeiture of the policy, without reference to the validity of the liens claimed, under a provision that the insurer shall not be liable if any action or proceeding shall be commenced affecting the title to the property insured.

*Appeal from Lyon District Court.*—HON. WILLIAM HUTCH-INSON, Judge.

SATURDAY, OCTOBER 8, 1898.

ACTION to recover upon a policy of fire insurance. There was a jury trial; verdict and judgment for plaintiff. Defendant appeals.—*Reversed.*

*McVey & McVey* and *McMillan & Dunlap* for appellant.

*C. B. Kennedy* and *E. B. Roach* for appellee.

WATERMAN, J.—One of the questions in the case is whether there were mechanics' liens against the insured property. Much attention is devoted by counsel to the matter of the extent of the interest of J. E. Smith in the real estate on which the building stood. Ella Smith originally owned this real estate. She died, and her husband, J E. Smith, took possession thereof under her will, which gave him an interest or estate therein. While he was in possession the building in question was erected. Inasmuch as the mechanics' liens are but incidentally in issue, we are not called upon to exactly determine or define the character or extent of Smith's interest. It is enough to say that he had such an equitable interest as could be made subject to a mechanic's lien. Acts Sixteenth General Assembly, chapter 100, section 4; *Clark v. Parker,* 58 Iowa, 509. Even if he had no title to the real estate, the building thereon might have been made subject to such lien. *Lane v. Snow,* 66 Iowa, 544.

. II.   The issue as to the mechanic's liens arises under a
provision of the policy in suit, which reads as follows: "Loss
or damage for which this company is not liable under this
policy:   It is hereby declared and agreed that this
company shall not be liable for loss   *   *   *   if
the property, or any part thereof, shall be sold, trans-
ferred, or incumbered (by mortgage, judgment, or otherwise),
or if any action or proceeding at law or otherwise shall be
commenced affecting the title thereto, or if proceedings to
foreclose any lien thereon shall be commenced in any way,
or notice thereof shall be given, or if said property, or any
part thereof, shall be levied upon,   *   *   *   without the
consent of the company indorsed thereon."   It may well be
held, in construing this provision, that the consent of the
company is to be obtained only for those acts included in its
terms, which are voluntary on the part of the assured, such
as the sale or mortgaging of the property.   But the condition
of forfeiture relates also to the acts of third persons, for
which, perhaps, in some instances, the assured may be in no
wise responsible.   Nevertheless such condition is valid.   Liti-
gation in respect to the title of insured property may be said
to increase the risk of the insurer by adding to the moral
hazard.   Whether the insured is responsible for it is not, in
the first instance, material.   The company has the right to
provide that the existence of such litigation shall relieve it
from liability.   *Meadows v. Insurance Co.,* 62 Iowa, 387;
*Carey v. Insurance Co.,* 84 Wis. 80 (54 N. W. Rep. 18);
*Burr v. Insurance Co.,* 84 Wis. 76 (54 N. W. Rep. 22).

III.   The next question is whether a mechanic's lien, or
an action to enforce it, comes within the terms of the quoted
clause of the policy.   The incumbering of the prop-
erty is forbidden.   There can be no doubt but that a
mechanic's lien is an incumbrance.   *Redmon v. Insur-
ance Co.,* 51 Wis. 293 (8 N. W. Rep. 226).

IV.   The next matter for consideration is as to the
claimed liens.   It is urged by appellee that it is not shown

they were upon the building insured. We think the contention is not well founded. J. E. Smith testifies to the location of the building, and to having purchased the material for its construction from the mechanic's lien claimants; and on the trial in the district court, when the evidence as to these liens was offered, no objection was made by plaintiff on the ground now urged. Besides this, the description of the real estate in the claim for a lien corresponds to the description given by Smith of the land upon which the building burned was located. Altogether, we think there can be no question but that the claims made are for the construction of the building covered by the policy in suit.

V. It is also said by appellee that it does not appear that the liens claimed are valid, and that no violation of the clause in question is shown unless defendant establishes this fact. The testimony discloses that claims for liens on this building, properly verified, were filed by various material men, of whom Smith admits purchasing lumber and other material. Actions were begun in due season to enforce and foreclose these liens. No denial of the right to a lien seems to have been filed in any of the cases. Under the circumstances, it seems that we should accept the claims as valid. But there is still another answer to this argument. The clause of the policy which is under consideration avoids the risk, not only in case the property is incumbered, but also in event of an action being begun which affects the title thereto. It is idle to say that such a clause is not violated until the action is determined adversely to the insured. So soon as actions to foreclose these liens were begun, what we have called the moral hazard of the company was increased, and it was this added risk which this provision was intended to exempt the company from. It makes no difference that the insured was perhaps in no way responsible for the institution of such suits. *Carey v. Insurance Co., supra.* He has made his contract, and we can neither annul nor change it at his request. For the breach of the condition

which we have been considering, the policy in suit was avoided, and the judgment of the district court must be REVERSED.