WORACHEK, Respondent, vs. THE NEW DENMARK MUTUAL HOME FIRE INSURANCE COMPANY, Appellant.

*January 16 — January 31, 1899.*

*Fire insurance: Indivisible contract: Forfeiture of entire claim by false swearing as to part.*

1. A policy of insurance on a building and contents, the premium being distributed part to each species of property, is a single, indivisible contract, and under a general forfeiture clause in the policy, if one part of the risk be affected, the entire risk is affected. What bars a remedy on the policy as to one part of the property, bars the remedy as to all.

2. If a policy of insurance cover a building and contents, and the entire property be destroyed by fire, and the policy contain a clause forfeiting all claims thereunder and barring all remedies thereon in case of any false swearing in regard to the loss, and there be such false swearing, which does, or is liable to, prejudice the insurance company as to any part of the property destroyed, the effect is to forfeit the entire loss.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, JR., Circuit Judge. *Reversed.*

Action to recover on a fire insurance policy. The subject of the insurance was a dwelling house and the ordinary personal property of the occupant. The complaint stated facts requisite to a recovery. The answer, among other things, claimed a forfeiture of all liability on the contract of insurance because of acts of the assured and a clause of the policy which reads as follows: " Any misrepresentation or fraud or concealment or false swearing, by the insured, in relation to any insurance, or the cause of any loss or damage to any insured property, or the quality, quantity, description or value of any property destroyed or damaged by fire, shall forfeit all claim by virtue of the policy and be a full bar to all remedies upon the same." It was alleged that the assured knowingly made a false statement under oath

as to the amount of personal property destroyed by the fire, with intent to defraud the insurance company. The jury found in defendant's favor on that point. As to the actual loss there was no dispute on the evidence. The loss on the building was total. A motion was made for judgment in defendant's favor and denied. Judgment was rendered for plaintiff for the loss on the house, but denied as to the loss on the personal property. Defendant appealed.

For the appellant there was a brief by *Feeney & Atwood*,. and oral argument by *G. T. Atwood*. They argued, among other things, that fraudulent representations as to the value or quality of personal property in a policy also covering real property will work a forfeiture as to the whole policy and defeat the right of the insured to recover anything upon the real property included in such policy, though the loss of real property be total. *Oshkosh P. & P. Co. v. Mercantile Ins. Co.* 31 Fed. Rep. 200; *Moore v. Virginia F. & M. Ins. Co.* 28 Grat. 508, 26 Am. Rep. 373.

For the respondent there was a brief by *Greene, Vroman, Fairchild, North & Parker*, and oral argument by *Charles E. Vroman*. They contended, *inter alia*, that the operation of the valued policy law in this state makes the contract divisible. Stats. 1898, sec. 1943; *Reilly v. Franklin Ins. Co.* 43 Wis. 449. Under this statute it has been uniformly held that false swearing concerning the amount of the loss will not defeat the right of the assured to recover the face of the policy, where the building is totally destroyed, since the amount of the loss is conclusively fixed by the statute. *Cayon v. D. H. Ins. Co.* 68 Wis. 510, 515; *Bammessel v. Brewers' F. Ins. Co.* 43 Wis. 463. If fraudulent statements concerning the value of the *building itself* will not avoid the insurance on the building, how can fraudulent statements as to *something else* invalidate it? To constitute a fraud appreciable in law the false statement or fraud must be material and must operate injuriously to the party complaining.

*McDonald v. Daniels*, 58 Wis. 426; *Castleman v. Griffin*, 13 Wis. 535; *Barber v. Kilbourn*, 16 Wis. 485; *Foster v. Taggart*, 54 Wis. 391.   In the instant case the fraud charged is not material to the loss on the building, nor did it cause any loss or damage to the defendant company.   It occurred *after the fire* and *after the liability of the defendant for the insurance on the building had become fixed and absolute.*   Such fraud is no more material or actionable than is the fraud involved in a conveyance of exempt property with intent to defraud creditors.   The reason of the rule is the same in both cases.   *Torrey C. Co. v. Eul*, 95 Wis. 615; *Rozek v. Redzinski*, 87 Wis. 525; *Bank of Commerce v. Fowler*, 93 Wis. 241; *Shawano Bank v. Koeppen*, 78 Wis. 533; *Allen v. Perry*, 56 Wis. 178; *Hibben v. Soyer*, 33 Wis. 319.

MARSHALL, J.   The sole question for decision on this appeal is, Where a policy of insurance against loss by fire covers a building and personal property located therein, the premium being distributed part to the realty and part to the personalty, and the building is totally destroyed by fire and the personal property injured or destroyed as well, and the policy provides that any false swearing by the insured in relation to the quantity, quality, description, or value of the property destroyed or damaged shall forfeit all claim under such policy and bar all remedies thereon, and there is such false swearing as to the personalty, can the assured nevertheless recover as to the realty?   The learned trial court decided that in the affirmative on the strength, evidently, of *Loomis v. Rockford Ins. Co.* 77 Wis. 87.   There the court held that a change in the title to one of several buildings, covered by an insurance policy, such buildings being situated some distance from each other, does not render the policy void as to the other buildings because of a clause in the policy to the effect that any change of the title to the insured property without consent of the company shall render the

policy void.   Following decisions elsewhere, and construing the language of the policy strictly against the insurance company, a conclusion was satisfactorily reached that it was within the reasonable meaning of the language of the policy to say that the contract of insurance was divisible according to the distinct risks covered by it.   The court, however, did not go so far as to hold that a building and its contents could be considered distinct risks.·   On the contrary, the decision was expressly limited to cases where the property insured is so located that the risks assumed are separate and distinct, the situation being such that the destruction of one portion of the property will not be liable to injure or destroy the other.   The previous decisions of this court, *Hinman v. Hartford F. Ins. Co.* 36 Wis. 159, and *Schumitsch v. Am. Ins. Co.* 48 Wis. 26, to the effect that insurance on a building and its contents is indivisible, were expressly approved.   The subject was again referred to in *Burr v. German Ins. Co.* 84 Wis. 76, and again in *Carey v. German Am. Ins. Co.* 84 Wis. 80, the court saying that insurance on a building and contents, with the risk distributed to the different species of property, is a single indivisible contract, and, under a general forfeiture clause, a circumstance barring a recovery for a loss on part of the property will bar a recovery for any. These decisions are decisive of the question raised here, and are in accordance with numerous authorities elsewhere, none of which need be referred to, as the cases in our own court are amply clear and all one way.

The fact that false swearing as to a building totally destroyed is not prejudicial to the insurance company, and so does not work a forfeiture under the rule stated in *F. Dohmen Co. v. Manufacturers' & B. F. Ins. Co.* 96 Wis. 57, to the effect that false swearing must be such as will be liable to work an injury to the insurance company, in order to make the contract for forfeiture operative, does not apply here.   It is not necessary that injury by false swearing act-

ually take place. It is sufficient if there be false swearing to the actual prejudice of the insurance company, or which is liable to work that way. The contract of insurance being single, if any part of it is such that false swearing in reference to it would be liable to injure the company, and there be such, according to the plain language of the contract under consideration all claims by virtue of it are forfeited and all remedies upon it barred. The court cannot, by judicial construction, work any exception into such plain language.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to render judgment for the defendant.

