BLOOMER, Appellant, vs. CICERO MUTUAL FIRE INSURANCE COMPANY, Respondent.

*January 15—April 8, 1924.*

*Insurance: Information acquired by agent from third person: Whether imputed to insurer: Mutual fire insurance: Conditions of insurance: Clause avoiding policy if property is mortgaged: Validity: Divisible or indivisible contract.*

1. Where, after a policy of fire insurance had been issued on mortgaged property, the chattel mortgagee inquired of the agent who procured its issuance, but not in his capacity as insurer's agent, what she should do with the mortgage, the agent's knowledge was not notice to the company of the giving of the mortgage.   p. 409.

2. Where a fire insurance policy covers different items of property, the contract is indivisible if the breach of the contract as to one item of property affects or may reasonably be expected to affect the other items by increasing the risk thereon. p. 409.

3. A fire insurance policy covering farm buildings, household furniture, wearing apparel, stock, and grain was not divisible where the buildings were in such close proximity that fire in one necessarily jeopardized the others; and the existence of a chattel mortgage on the personal property without notice to the company made the policy void.   p. 410.

4. A clause in the policy, which was issued by a mutual company, that the policy should be void if the insured property was incumbered without notice to the company, is valid and available as a defense in an action on the policy, though neither the by-laws of the company nor a resolution adopted at the annual meeting authorized such limitation, as provided in sec. 1932, Stats. 1921.   p. 411.

APPEAL from a judgment of the municipal court of Outagamie county: ALBERT M. SPENCER, Judge. *Affirmed.*

Action to recover on a fire insurance policy. The policy was issued by the defendant insurance company February 24, 1921. It insured against loss by fire plaintiff's farm buildings, household furniture, wearing apparel, stock, and grain. On the 6th day of February, 1922, the property was destroyed by fire. On February 14, 1921, the plaintiff executed a chattel mortgage on the personal property covered by the insurance policy to secure the sum of $1,500. The insurance policy contained this provision:

"And if the said assured and his assigns shall hereafter make or procure any other insurance on the same property or any part thereof, or incumber or suffer the same to be incumbered, or additionally incumbered, after the application shall have been made and subscribed, and shall not with all reasonable diligence give notice thereof to the secretary and have same indorsed on this instrument or otherwise acknowledged by this corporation in writing, this insurance shall cease and his policy shall be void and of no effect."

The trial court found that plaintiff did not give notice to the company of the execution of said chattel mortgage and held that the policy was thereby made void. Judgment was rendered in favor of defendant, from which judgment plaintiff appealed.

For the appellant there were briefs by *Bradford & Bradford* of Appleton, and oral argument by *Alfred S. Bradford.*

For the respondent there were briefs by *Albert H. Krugmeier* of Appleton, attorney, and *Olin, Butler, Thomas, Stebbins & Stroud* of Madison, of counsel, and oral argument by *Mr. Krugmeier.*

OWEN, J. Appellant claims, first, that the company had notice of the giving of the chattel mortgage, and, second, that the policy was divisible and the placing of the chattel mortgage only voided the policy as to those items covered by the chattel mortgage, if it voided any part thereof. There

is no pretension that the plaintiff gave notice to the company of the execution of the chattel mortgage. The fact relied upon to establish notice to the company is that one of the mortgagees inquired of the company's agent who procured the issuance of the policy what she should do with the chattel mortgage. The agent advised her to file it with the town clerk. This was sometime after the policy had been issued and constituted a transaction entirely distinct from the issuance of the insurance policy. She did not call upon him in his capacity as agent of the insurance company, nor is there any evidence in the record that he was advised that the chattel mortgage covered the property insured by the policy. The conversation with the agent was not for the purpose of bringing home to the company the fact that a chattel mortgage had been issued upon property covered by the insurance policy, but rather to secure information as to what was necessary to be done to preserve the lien of the chattel mortgage. It is plain that whatever knowledge came to the agent of the execution of the chattel mortgage upon property insured by the company was not acquired by him within the scope of his authority or duty as agent of the company. Under such circumstances the knowledge of the agent is not imputed to the principal. 2 Corp. Jur. 864. See, also, *Johnson v. Blumer, ante,* p. 369, 197 N. W. 340, 198 N. W. 277. The finding of the trial court, therefore, upon the question of notice cannot be disturbed.

The next question is whether the policy is divisible so that an incumbrance upon a portion of the insured property does not void the policy as to the unincumbered property. The rule is that, "although the insurance is distributed to the different items of insured property, the contract is indivisible if the breach of the contract as to an item of the property affects, or may reasonably be supposed to affect, the other items, by increasing the risk thereon." *Loomis v. Rockford Ins. Co.* 77 Wis. 87, 45 N. W. 813; *Worachek v. New Denmark Mut. H. F. Ins. Co.* 102 Wis. 88, 78 N. W.

411. In the former case it was held that where the insurance policy covered three sets of farm buildings several miles apart, the sale of one of the farms did not invalidate the policy as to the buildings located on the other farms, under a provision that, "if any change takes place in the title to the property insured without the consent of the secretary of the defendant company, the policy shall be null and void," because the change in the title to the one farm did not affect the risk as to the buildings located on the other farms. It has been held that a policy covering a building and its contents is indivisible. *Worachek v. New Denmark Mut. H. F. Ins. Co.* 102 Wis. 88, 78 N. W. 411, and cases there cited. In the instant case the insurance policy covered farm buildings and their contents. That which increased the hazard as to one item of property necessarily increased the risk with reference to all other items. The buildings were no doubt in such close proximity that fire in one necessarily jeopardized the others. It may be presumed, too, that the chattel mortgage covered the contents of all the buildings—furniture in the dwelling, stock and grain in the outbuildings. The personal property could not be subjected to an extra hazard without increasing the risk on the buildings. The policy cannot be held divisible, and as it is void as to the personal property it is void as to all the property covered by the policy.

Sec. 1932, Stats., relating to town mutual insurance companies, authorizes the board of directors to issue policies of insurance agreeing to pay loss or damage occasioned by fire, "and providing for such conditions of insurance as may be determined by the by-laws of such corporation or by the resolutions of its annual meeting." Upon the back of the policy introduced in evidence appeared what purported to be the by-laws of the defendant. Such by-laws contained no provision authorizing the insertion of the chattel-mortgage clause here under consideration. The question occurred whether the defendant was authorized to insert such

clause in its policy and whether it could take advantage of such a clause to avoid liability if its insertion in the policy had not been authorized by a by-law or a resolution adopted at its annual meeting. Consideration of the case was suspended, and the attorneys were asked to file a stipulation indicating whether or not any action under sec. 1932 had been taken by the company authorizing the provision, and that unless a stipulation be filed showing that the insertion of the provision had been duly authorized, to file briefs upon the question whether such provision is valid and is available as a defense. The attorneys for the defendant offered to stipulate that neither a by-law nor a resolution had been adopted, but insisted that the stipulation should contain facts showing a substantial compliance with the statute. To this the plaintiff's attorneys refused to stipulate, so that we do not have before us a record upon which it may be determined whether the provision was lawfully authorized. However, the attorneys filed briefs upon the question of whether the provision is available as a defense, even though not authorized. Upon a further consideration of the case we conclude that the question propounded for additional briefs is settled in the affirmative by the case of *McCoy v. Northwestern Mut. R. Asso.* 92 Wis. 577, 66 N. W. 697, and we shall indulge in no further discussion thereof.

After giving this case our most careful consideration we are unable to discover any escape from the judgment of the court below, and it must be affirmed.

*By the Court.*—So ordered.