# CASES DETERMINED

## *January Term, 1890.*

JERDEE, Respondent, vs. THE COTTAGE GROVE FIRE INSURANCE COMPANY, Appellant.

*December 3, 1889 — January 7, 1890.*

*Insurance against fire: Transfer of property: By-law construed: Forfeiture: Change of occupancy: Waiver.*

1. A by-law of a town insurance company, providing that "policies of insurance may be assigned with the consent of the president and secretary, the parties paying fifty cents recording fees, at the same time giving his undertaking to the company, and the company will not hold itself responsible for loss on property so transferred until such assignment so made and undertaking given," has no application to a transfer of the insured property which leaves an insurable interest in the original policy-holder.

2. A forfeiture by reason of a change in the occupancy of the insured property is waived where the officers of the insurance company knew of such change before the loss, and, after the loss, when the claim was presented, made no objection on that ground, but directed the assured to make his proofs of loss, which he did at considerable expense.

APPEAL from the Circuit Court for *Dane* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This action was brought by the respondent to recover the sum of $250 upon a policy of insurance issued to him by the appellant, which, among other things, insured the

respondent against loss by fire upon a certain dwelling-house described in the policy. The following is the form of the policy issued to the respondent:

" $450. No. 1,350.

" *The Cottage Grove Fire Insurance Co.*, of the towns of Cottage Grove and Blooming Grove, Dane county, Wisconsin, in consideration of the payment of one and 95-100 dollars this 11th day of December, 1885, and the undertaking made by *H. P. Jerdee*, as provided in chapter 89 of Revised Statutes of 1878, and amendments thereto, do, by this policy, insure *H. P. Jerdee*, of the town of Pleasant Springs, against loss or damage by fire or lightning, to the amount of four hundred and fifty dollars, as follows:

| | |
|---|---|
| 1. Dwelling-house | $250 00 |
| 2. On household furniture therein | |
| 3. On wearing apparel therein | |
| 4. On provisions | |
| 5. On musical instruments | |
| 6. On library | |
| 7. On barn No. 1 | 175 00 |
| 8. On barn No. 2 | |
| 9. On hay or fodder therein, or on premises | |
| 10. On live-stock on premises, not to exceed $100 on each one animal | 25 00 |
| 11. On carriages and equipments | |
| 12. On | |
| 13. | |
| 14. | |
| 15. On granary | |
| 16. On grain therein or on premises | |
| 17. On farming utensils | |
| Total | $450 00 |

— All situated in the town of Blooming Grove, in the county of Dane, in the state of Wisconsin, on the west half of the west half of the northwest quarter of section 13, town 7, range 12. (For a more particular description a reference is had to the book of the secretary, kept for this

purpose, which is hereby made a part of this policy.) Amount insured, $450; term, five years. And the said company hereby agree to make good unto the said assured, his executors, administrators, and assigns, all such loss or damage, not exceeding the sum insured, as may occur by fire or lightning to the property specified, except as herein-after provided, from the 18th day of December, 1885, at 12 o'clock, noon, to the 18th day of December, 1890, at 12 o'clock, noon, to be paid within ninety days after due notice and satisfactory proof of the same."

On the trial it was admitted that the house described in the policy was destroyed by fire on the 9th day of August, 1887, and that notice of such loss had been duly given to the appellant as required by the laws of the company, and that the company had refused to pay the loss. The objections made by the company were (1) that before the loss, and some time in the month of April, 1887, the assured had sold and conveyed the land and the house to one Lars O. Larson, and that he (Larson) was in possession of the same at the time of the loss; and (2) that there had been no assignment of the policy to the said Larson. It appeared from the evidence that on the conveyance of the land and house to Larson said Larson gave back to the assured his notes and a mortgage for $2,000 for the purchase money, being a large part of such purchase money, and that such purchase money was unpaid at the time of the loss.

After the loss due notice was given to the company, as required by the articles of association and by-laws. After receiving such notice of loss, and on the 22d day of August, 1887, the board of directors of said company duly met and took action in regard to said loss, as indicated in the following extract from the minutes of its proceedings:

"*H. P. Jerdee* having notified the company that he had sustained a loss by fire of a dwelling-house insured in policy No. 1,350, on motion the secretary was instructed to

notify *Mr. Jerdee* that if he had any claim against the company to present a statement thereof as required by section 10 of by-laws."

The secretary of the company, in pursuance of said instruction, gave the following written notice to the assured: " Blooming Grove, Aug. 22, 1887. *Mr. H. P. Jerdee* — Dear Sir: I am instructed by the board of directors of the *Cottage Grove Fire Insurance Company* to notify you that if you have any claims against the company to present a statement as required by section 10 of the company's by-laws. Yours truly, DANIEL BECHTEL, Secretary." In pursuance of this notice the assured made proofs of his loss at an expense of five dollars and more, and presented them to the board, and afterwards the company refused to pay, and thereupon the respondent brought his action to recover said sum.

On the trial, evidence was given tending to show that the officers of the company had notice of the change of possession of the premises from the tenant of the assured to Larson some time before the fire occurred, and served notice on him requiring him to pay an assessment on his policy, in which notice the company recognized his policy as being in force. One of said notices was dated July 10, 1887, and the other December 22, 1887.

On the trial, the learned circuit judge gave judgment in favor of the plaintiff, holding that he had an insurable interest in the property at the time of the loss as mortgagee thereof.

For the appellant there was a brief by *La Follette, Siebecker & Harper*, and oral argument by *R. G. Siebecker*. They contended, *inter alia*, that plaintiff forfeited his rights under the contract when he sold the insured property, even though he took back from the purchaser a mortgage for the unpaid purchase money.    1 Wood on Fire Ins. sec. 331; *Farmers' Ins. Co. v. Archer*, 36 Ohio St. 608; *Savage v. How-*

*ard Ins. Co.* 52 N. Y. 502; *Edmands v. Mutual S. F. Ins. Co.* 1 Allen, 311; *Home M. F. Ins. Co. v. Hauslein*, 60 Ill. 521; *Wustum v. City F. Ins. Co.* 15 Wis. 138. This being a mutual town insurance company, the plaintiff, as a member thereof, is fully charged with all the requirements of the company's rules and regulations, regardless of what an officer may do or attempt to do outside of his vested authority. *Miller v. Hillsborough M. F. A. Asso.* 42 N. J. Eq. 459; *Westchester F. Ins. Co. v. Earle*, 33 Mich. 145; *Rosenberger v. Washington F. Ins. Co.* 87 Pa. St. 212. In the case of a mutual company, the officers of the company cannot waive express stipulations of their policies or by-laws which relate to the substance of the contract, although they may waive such as merely relate to collateral matters, as proofs of loss, etc. 1 Wood on Fire Ins. sec. 102; May on Ins. sec. 146; *Baxter v. Chelsea M. F. Ins. Co.* 1 Allen, 294; *Evans v. Trimountain M. F. Ins. Co.* 9 id. 329; *Hale v. Mechanics' M. F. Ins. Co.* 6 Gray, 169; *Brewer v. Chelsea M. F. Ins. Co.* 14 id. 203; *Protection L. Ins. Co. v. Foote*, 79 Ill. 369; *Hackney v. Alleghaney M. Ins. Co.* 4 Pa. St. 185; *Rosenberger v. Washington F. Ins. Co.* 87 id. 212; *Miller v. Hillsborough M. F. A. Asso.* 42 N. J. Eq. 459; *Philbrook v. New England M. F. Ins. Co.* 37 Me. 137. The facts in the case fail to bring it within the rule determined by this court in the case of *Webster v. Phœnix Ins. Co.* 36 Wis. 67, and the other cases establishing an estoppel against forfeiture. *Westchester F. Ins. C. v. Earle*, 33 Mich. 145; *Barrett v. Union M. F. Ins. Co.* 7 Cush. 179; *Van Buren v. St. Joseph Co. V. F. Ins. Co.* 28 Mich. 397; *Security Ins. Co. v. Fay*, 22 id. 467; *New York Cent. Ins. Co. v. Watson*, 23 id. 486; *Insurance Co. v. Mowry*, 96 U. S. 544; *Johnson v. Conn. F. Ins. Co.* 84 Ky. 471; *Hazard v. Franklin M. F. Ins. Co.* 7 R. I. 429; *Smith v. Insurance Co.* 24 Pa. St. 320.

For the respondent there was a brief by *Smith & Buell*,

and oral argument by *C. E. Buell*.   They argued, among other things, that it was not necessary that the plaintiff should keep the identical interest in the insured premises which he had at the time the policy was issued.   It was sufficient that he kept an insurable interest.   3 Kent's Com. (12th ed.), 262, note (e); 2 Am. Lead Cas. (1st ed.), 316; May on Ins. sec. 381; *Hitchcock v. North Western Ins. Co.* 26 N. Y. 68; *Lazarus v. Commonwealth Ins. Co.* 5 Pick. 76; *Strong v. Manufacturers' Ins. Co.* 10 id. 40; *Stetson v. Massachusetts M. F. Ins. Co.* 4 Mass. 330; *Ayres v. Hartford F. Ins. Co.* 17 Iowa, 176; *Trumbull v. Portage Co. M. Ins. Co.* 12 Ohio, 305; *Higginson v. Dall,* 13 Mass. 96.   Even under policies where any transfer or alienation of the property, or any change in the interest of the assured in the insured premises, is prohibited, a sale of the premises by the assured, he at the same time taking back a purchase-money mortgage, is not an alienation in a sense which will render the policy void.   *Hitchcock v. North Western Ins. Co.* 26 N. Y. 68; *Fernandez v. Great Western Ins. Co.* 3 Rob. 457; *Cowan v. Iowa State Ins. Co.* 40 Iowa, 551; *Kitts v. Massasoit Ins. Co.* 56 Barb. 177; *Phelps v. Gebhard F. Ins. Co.* 9 Bosw. 404; *Strong v. Manufacturers' Ins. Co.* 10 Pick. 40; *Norcross v. Insurance Cos.* 17 Pa. St. 429; *Insurance Co. v. Updegraff,* 21 id. 513; *Ayres v. Hartford F. Ins. Co.* 17 Iowa, 176; *Morrison's Adm'r v. Tennessee M. & F. Ins. Co.* 18 Mo. 262; *Trumbull v. Portage Co. M. Ins. Co.* 12 Ohio, 305; *Higginson v. Dall,* 13 Mass. 96; *Shearman v. Niagara F. Ins. Co.* 2 Sweeney, 470.   Provisions in policies providing for forfeitures, being for the benefit of the insurers, may be waived by them; and this is true whether the company be a stock or a mutual company.   *Osterloh v. New Denmark M. H. Ins. Co.* 60 Wis. 126; *Morrison v. Wisconsin O. F. M. L. Ins. Co.* 59 id. 162; *Erdmann v. Mutual Ins. Co.* 44 id. 376; *Joliffe v. Madison M. Ins. Co.* 39 id. 111; *Stylow v. Wisconsin O. F. M. L. Ins. Co.* 69 id. 224; *Clark v. New*

*England M. F. Ins. Co.* 6 Cush. 342; *Mullin v. Vermont M. Ins. Co.* 58 Vt. 113; *Michael v. Mutual Ins. Co.* 10 La. Ann. 737; *Masters v. Madison Co. M. Ins. Co.* 11 Barb. 624; *Marshall v. Columbian M. F. Ins. Co.* 27 N. H. 157; *Walsh's Adm'x v. Vermont M. F. Ins. Co.* 54 Vt. 351; *Gilliat v. Pawtucket M. F. Ins. Co.* 8 R. I. 282; *Hale v. Union M. F. Ins. Co.* 32 N. H. 295; *Frost v. Saratoga M. Ins. Co.* 5 Denio, 154; *Combs v. Shrewsbury M. F. Ins. Co.* 34 N. J. Eq. 403. The acts of the company amounted to a waiver. *Gans v. St. Paul F. & M. Ins. Co.* 43 Wis. 108; *Cannon v. Home Ins. Co.* 53 id. 585; *Palmer v. St. Paul F. & M. Ins. Co.* 44 id. 201; *Webster v. Phœnix Ins. Co.* 36 id. 67; *Alexander v. Continental Ins. Co.* 67 id. 422; *Oshkosh G. L. Co. v. Germania F. Ins. Co.* 71 id. 454; May on Ins. 497, 502.

TAYLOR, J. We are satisfied that the learned judge decided the case rightly. By an examination of the policy issued, it will be seen there are no conditions or clauses of forfeiture in the same. Under all the rules governing insurance upon such a policy the assured may recover if he have an insurable interest in the property insured at the date of the loss, at least to the extent of such interest. Unless there be something in the statute, articles of association, or by-laws of the company which declares a forfeiture of the policy because of a change of the interest or title of the assured in or to the property insured during the life of the policy, the judgment was clearly right. Sec. 1932, R. S., declares as follows: "The conditions of insurance by town insurance companies are such as are fixed by the by-laws of such corporation, or by the resolutions of its annual meetings." The only by-laws or resolutions of the corporation which pretend to make any conditions in its policies are by-laws 7 and 14. The following are copies of such by-laws: "Sec. 7. Policies of insurance may be assigned with the consent of the president and secretary, the parties paying fifty cents recording fees, at the same time giving his

undertaking to the company, and the company will not hold itself responsible for loss on property so transferred until such assignment so made and undertaking given." "Sec. 14. The company will not insure unoccupied dwelling-houses, nor be liable for nor pay any loss on any dwelling-house in which the insured and his family shall have ceased to live for ten days, or to occupy by tenant, of which fact the said secretary shall be fully notified, and give his consent by his indorsement to that effect on the policy."

These by-laws, to say the best concerning them, are not clear as to what is intended by them, and their meaning is rather suggested than expressed by the language used. It is claimed, however, that the policy was forfeited for a violation of the provision of by-law 7. The learned counsel for the appellant contend that this by-law declares, in substance, that the policy of the assured shall be void if there be any transfer of, or change of title to, the property insured during the life of the policy, unless the policy be assigned to the person to whom the property is transferred in the manner prescribed by the by-law, and that in such case the liability will be only to the assignee of the policy.

We think the only construction which can make this by-law sensible is that, when there is such a transfer of the property insured as to divest the policy-holder of all insurable interest therein, then the company shall not be liable on the policy, unless it be transferred to the purchaser of the property in the manner prescribed, and that it has no application to a transfer of the assured property which is of such a nature as to leave an insurable interest in the original policy-holder. The by-law was evidently adopted for the purpose of continuing the benefits of a policy issued to a vendor, to his vendee, when the vendor transfers all his interest in the property insured to such vendee, and not to a case where there is a mere change of the vendor's interest in the property insured.

If it be the policy of town insurance companies to make

insurance void whenever any change of title to the insured property shall be made during the life of the policy, it will be necessary for the company to adopt a by-law clearly stating such condition. Under the present by-laws there is clearly no such declaration of forfeiture. All courts have upheld the right of the policy-holder to maintain his action for a loss so long as he retains an insurable interest, unless there be a condition in the policy which declares a forfeiture by reason of a change of such insurable interest. See *Hitchcock v. North Western Ins. Co.* 26 N. Y. 68, and other cases cited by the counsel for the respondent in their brief.

The principal object of by-law 14 was to prevent the company from insuring unoccupied dwelling-houses. This dwelling-house was, at the date of the insurance, occupied by the tenant of the assured, and not by him and his family, and it was subsequently occupied by the vendee of the assured more than ten days before the fire. The object of the by-law being to prevent the insurance of unoccupied dwellings, it may, at least, be questionable whether the policy would be avoided so long as the same was occupied by some one lawfully entitled to the possession, when such possession is lawfully derived from the owner, who has the insurance thereon; but, whether this be so or not, the evidence, we think, clearly shows that the company waived any right to declare the policy void under this by-law. The officers of the company knew of the change of occupancy long before the loss. And after the loss, when the claim of the plaintiff was presented to the board of directors, they made no objection to the payment of loss on that ground, and directed the assured to make his proofs of loss, which he afterwards did, at considerable expense. This, under the decisions of this court, was a waiver of a forfeiture under this by-law, if there ever was such forfeiture. See *Gans v. St. Paul F. & M. Ins. Co.* 43 Wis. 108, 114; *Webster v. Phoenix Ins. Co.* 36 Wis. 67; *Northwestern Mut. L.*

*Ins. Co. v. Germania F. Ins. Co.* 40 Wis. 446; *Appleton Iron Co. v. British Am. Ass. Co.* 46 Wis. 33; *Oshkosh G. L. Co. v. Germania F. Ins. Co.* 71 Wis. 454, 458.

We find no error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.

