Wis.]                AUGUST TERM, 1892. ·              181 .

Dohlantry and others vs. The Blue Mounds Fire and Lightning Ins. Co.

DOHLANTRY and others, Appellants, vs. THE BLUE MOUNDS
FIRE AND LIGHTNING INSURANCE COMPANY, Respondent. ·

*September 3 — October 25, 1892.*

*Insurance against fire: When building is "vacant:" Indivisible contract:*
*Forfeiture: Estoppel.*

1. A by-law of a mutual insurance company provided that it would
   not insure *unoccupied* dwelling houses, and would not be liable for
   any loss on any dwelling house which had been *vacant* for thirty
   days previous to the loss. *Held,* that the word "vacant" was used
   as the equivalent of "unoccupied," signifying merely uninhabited.
2. No one resided in the insured house for over a year before the fire,
   but the owners, who lived a mile and a half away, had occupied it
   at intervals when working the farm. There had been no such oc-
   cupancy within two months of the fire. *Held,* that the house had
   been *vacant,* within the meaning of the by-law.
3. The insurance was distributed between the house and other buildings
   on the farm and their contents. *Held,* that as the continued ab-
   sence of any occupant of the house might reasonably be presumed
   to increase the risk of loss of the other buildings, the policy was
   indivisible, and the company could not assert a forfeiture as to the
   house and its contents, and enforce it as a valid policy as to the
   other property, without the consent of the assured.
4. A claim for loss of the house and a part of its contents was disallowed
   by a resolution of the directors, on the ground that the house had
   been unoccupied. The company was advised of this action at its
   annual meeting, and did not disapprove of it. The directors, how-
   ever, reported to the same meeting, and also to a subsequent annual
   meeting, a list of outstanding valid policies, including the one in
   suit for its full amount, and no suggestion was made that it had
   been or should be declared forfeited. Afterwards an assessment
   was made on this policy, with others, and the assured was notified
   to pay the same and did so. The payment was reported to the
   directors, who made no objection thereto and no attempt to refund
   the money until after this action was brought. *Held,* that the com-
   pany was estopped to assert the invalidity of the policy.

APPEAL from the Circuit Court for *Dane* County.

This is an action upon a policy of insurance. Defendant
is a town insurance company, organized on the mutual plan,

pursuant to the statute. On November 21, 1884, it issued its policy No. 979 to Mrs. John Dohlantry, insuring her against loss of, or damage by fire or lightning to, a dwelling house and its contents, in the sum of $525, and certain barns and a granary and their contents, and on certain stock, all on the same farm with such dwelling house, to the amount of $1,050,— in all, $1,575. The amount of insurance on each building, and each kind of property, and on the stock, is separately specified in the policy. The plaintiffs are the owners of the insured property by descent from Mrs. Dohlantry, now deceased, whose children and heirs they are, and one of them is the administrator of her estate. On March 26, 1887, the insured dwelling house and a portion of the insured contents thereof were destroyed by fire. Such dwelling house had not been occupied as a residence for more than a year before the fire, but the insured furniture constantly remained therein.

On April 1, 1887, one of the owners of the insured property went before the board of directors of the insurance company, and submitted to an examination concerning the loss. After such examination the board passed the following resolution: "It being clearly shown to the board of directors that said house was not occupied, but vacant, for four months previous to the fire, thereby excluding the company from the liability as per section 12, by-laws. Motion carried that the claim of *Mr. Dohlantry* be disallowed." Section 12 of the by-laws, above mentioned, is as follows: "This company will not insure unoccupied dwelling houses, and will not be liable for nor pay any loss on any dwelling house which has been vacant for thirty days previous to the occurrence of the loss." The company made no further declaration of a forfeiture of the policy. In January, 1888, and again in January, 1889, the board of directors reported to the company the policy in suit as a valid policy for the whole amount of $1,575.

On May 7, 1889, an assessment of two per cent. was made by the board of directors on this policy and all other outstanding policies issued by the company, to pay losses which occurred after the plaintiffs' dwelling house and contents were burned. The plaintiffs paid this assessment to the treasurer of the company, and the payment was duly reported to the board of directors and the company, neither of which repudiated the assessment of plaintiffs' policy.

On the above facts the circuit court directed a verdict for the defendant, holding that the policy in suit had become forfeited by non-occupancy of the insured dwelling house, and judgment was ordered accordingly. Plaintiffs appeal from the judgment.

For the appellants there was a brief by *Bashford, O'Connor & Polleys* and *J. A. Aylward*, and oral argument by *R. M. Bashford* and *Mr. Aylward*. They argued, *inter alia*, that to work a forfeiture under a clause in the by-laws the clause must be so clear and plain and so free from ambiguity that anyone cannot be misled; and to prevent such forfeiture the court will construe the contract of insurance as strongly against the insurer and as favorably for the insured as its terms will permit. *Shafer v. Phœnix Ins. Co.* 53 Wis. 361; *Wakefield v. Orient Ins. Co.* 50 id. 532; *Kircher v. Milwaukee M. M. Ins. Co.* 74 id. 470; *Morse v. Buffalo F. & M. Ins. Co.* 30 id. 534; *Herrman v. Merchants' Ins. Co.* 81 N. Y. 184; *Boon v. Ætna Ins. Co.* 40 Conn. 586; *National Bank v. Insurance Co.* 95 U. S. 673, 678. The word "vacant" is not synonymous with "unoccupied." It means empty of everything but air. Webster, Dict.; Worcester, Dict.; Anderson, Law Dict.; Bouvier, Law Dict.; 1 Wood, F. Ins. 224; 1 May, Ins. sec. 249A; Ostrander, F. Ins. sec. 140; *Herrman v. Merchants' Ins. Co.* 44 N. Y. Super. Ct. 444; *S. C.* 81 N. Y. 184; *Woodruff v. Imperial F. Ins. Co.* 83 id. 133; *Herrman v. Adriatic F. Ins. Co.* 85 id. 162. The levy, acceptance, and retention of the assessment

upon this policy by the company, with knowledge of all the facts constituting the alleged breach of contract, is a waiver of any breach known at that time. *Erdmann v. Mutual Ins. Co.* 44 Wis. 376; *Joliffe v. Madison Mut. Ins. Co.* 39 id. 111; *Jerdee v. Cottage Grove Mut. Ins. Co.* 75 id. 345; *Palmer v. St. P. F. & M. Ins. Co.* 44 id. 201; *Osterloh v. New Denmark M. H. F. Ins. Co.* 60 id. 126; *Morrison v. Wis. O. F. M. L. Ins. Co.* 59 id. 162; 11 Am. & Eng. Ency. of Law, 340; 2 Wood, F. Ins. sec. 542; *Masonic Mut. Ben. Asso. v. Beck,* 77 Ind. 203, 40 Am. Rep. 295; *Viall v. Genesee Mut. Ins. Co.* 19 Barb. 440; *Phœnix Ins. Co. v. Lansing,* 15 Neb. 494; *Keenan v. Dubuque Mut. F. Ins. Co.* 13 Iowa, 375; *Mershon v. Nat. Ins. Co.* 34 Iowa, 87; *Schoneman v. Western H. & C. Ins. Co.* 16 Neb. 404. The failure to cancel the policy and notify appellants immediately thereof, and return to them the undertaking and the unearned premium, was a waiver of the alleged forfeiture. *Wakefield v. Orient Ins. Co.* 50 Wis. 532, 536; *Joliffe v. Madison Mut. Ins. Co.* 39 id. 111; *Morrison v. Wis. O. F. M. L. Ins. Co.* 59 id. 162; *Osterloh v. Denmark M. H. F. Ins. Co.* 60 id. 126; *Appleton Iron Co. v. British Am. Ins. Co.* 46 id. 23; 2 Wood, F. Ins. sec. 542; 1 May, Ins. secs. 67, 67d, 67j; Ostrander, F. Ins. 45, 49, 50; *Mutual L. Ins. Co. v. French,* 30 Ohio St. 240; 11 Am. & Eng. Ency. of Law, 342; *Teutonia L. Ins. Co. v. Anderson,* 77 Ill. 384; *Georgia M. M. L. Ins. Co. v. Gibson,* 52 Ga. 640; *Guernsey v. American Ins. Co.* 17 Minn. 104; *Otto v. Ontario & L. M. Ins. Co.* 5 Hill, 147. The policy was not divisible, and it did not lie with the board to cancel a part thereof. *Stevens v. Queen's Ins. Co.* 81 Wis. 335; *Loomis v. Rockford Ins. Co.* id. 366; *Hinman v. Hartford Ins. Co.* 36 id. 159; *Schumitsch v. Am. Ins. Co.* 48 id. 26, 30; 1 May, Ins. secs. 189, 249a; 1 Wood, F. Ins. 383; *Hartshorne v. Agricultural Ins. Co.* 50 N. J. Law, 427.

For the respondent there was a brief by *Burr W. Jones* and *Olin & Butler,* and oral argument by *Mr. Jones* and

*Mr. J. M. Olin.* They contended, among other things, that the building was vacant and unoccupied within the meaning of the policy for more than thirty days without consent. *Sonneborn v. Manufacturers' Ins. Co.* 44 N. J. Law, 220; *Whitney v. Black R. Ins. Co.* 72 N. Y. 117, 28 Am. Rep. 116, 118; *Wustum v. City F. Ins. Co.* 15 Wis. 138; *Fitzgerald v. Conn. F. Ins. Co.* 64 id. 463; *Sleeper v. N. H. F. Ins. Co.* 56 N. H. 401; *Moore v. Phœnix F. Ins. Co.* 64 id. 140, 10 Am. St. Rep. 384; *Continental Ins. Co. v. Kyle,* 19 Am. St. Rep. 77, 82, 86; *Alston v. Old N. S. Ins. Co.* 80 N. C. 326; *Ashworth v. Builders' M. F. Ins. Co.* 112 Mass. 422; *American Ins. Co. v. Padfield,* 78 Ill. 167; *Cook v. Continental Ins. Co.* 70 Mo. 610; *Phœnix Ins. Co. v. Tucker,* 92 Ill. 64; *Sexton v. Hawkeye Ins. Co.* 69 Iowa, 99; *Litch v. North Brit. & M. Ins. Co.* 136 Mass. 491. Defendant was not estopped to assert the invalidity of the policy either by the assessment or by its acts subsequent to the payment thereof. May, Ins. secs. 507, 508; *Diehl v. Adams Mut. Ins. Co.* 58 Pa. St. 443, 98 Am. Dec. 302; *Beatty v. Lycoming Mut. Ins. Co.* 66 Pa. St. 9, 5 Am. Rep. 318; *Swett v. Citizens' Mut. R. Soc.* 78 Me. 541; *Northwestern Mut. L. Ins. Co. v. Amerman,* 119 Ill. 329; *Higgie v. American Lloyds,* 14 Fed. Rep. 143. The contract was divisible, and the company could with entire propriety refuse to pay that part to which it had a valid defense, and still treat the policy as a subsisting policy as to the residue. *Loomis v. Rockford Ins. Co.* 81 Wis. 366.

LYON, C. J. 1. Counsel for plaintiffs maintained in their argument that the above by-law, sec. 12, is not violated unless the insured dwelling house is left entirely without inhabitants or goods therein, while counsel on behalf of the company maintains that it was violated, and the policy rendered void, because no person dwelt in the house for thirty days and more before it was burned, although the

Dohlantry and others vs. The Blue Mounds Fire and Lightning Ins. Co.

usual furniture was allowed to remain therein.    The argu-
ments display great research, and numerous cases and au-
thorities are cited in support of these respective positions.
We do not deem it necessary to discuss and determine here
the question whether any difference exists in the significa-
tion of the terms "unoccupied" and "vacant," as they
are usually employed in insurance policies, or, if so, what
is the precise signification of each term; for we are satis-
fied that the term "vacant," as employed in the policy in
suit, is the equivalent of "unoccupied."    It is conceded that
the latter term signifies only that the house is uninhabited.
If the construction contended for by counsel for plaintiffs
were to prevail, the by-law must be construed to mean that,
although the company will not insure an *unoccupied*, that
is, an *uninhabited*, dwelling house, yet if an insured dwell-
ing house becomes and remains unoccupied or uninhabited
after the policy is issued, no matter for how long a time,
still the policy remains valid, unless the house becomes ab-
solutely vacant for thirty days,— that is to say, unless, in
the language of some of the cases, it is empty of every-
thing but air.    If such is the meaning of the by-law, we
should not expect to find a rule against insuring unoccu-
pied dwelling houses.    We think the construction con-
tended for is contrary to the language and the plain intent
and meaning of the by-law.    We conclude, therefore, that
it was competent for the company to declare the policy
forfeited if the insured dwelling house was unoccupied for
thirty days before it burned.

2. The evidence is that no one resided in the insured
dwelling-house for over a year before it burned, but the
owners of the farm occupied the house at intervals when
they were working the farm, as in haying and harvest time.
There was no such occupancy of it within two months of
the fire.    The owners resided one and one half miles from
such house.

The case is not distinguishable from that of *Fitzgerald v. Conn. F. Ins. Co.* 64 Wis. 463, wherein it was held that a dwelling house, used almost precisely as the one in question here was used, was "unoccupied," within the meaning of that term as used in policies of insurance. That decision rules this case. It must be held that the dwelling house insured by the policy in suit was *unoccupied*, to wit, *vacant* (as that term is employed in the policy), for more than thirty days before it was burned, and hence it was competent for the company to insist that the policy was inoperative and void when the dwelling house and its contents were burned.

3. We are satisfied that this policy is indivisible, and that it was not competent for the company to assert a forfeiture thereof as to the dwelling house and contents, and enforce it as a valid policy as to the other insured property, without the consent of the insured. No such consent was given.

In *Loomis v. Rockford Ins. Co.* 77 Wis. 87, the rule derived from a somewhat extended examination of the cases was laid down and applied, that, "although the insurance is distributed to the different items of insured property, the contract is indivisible if the breach of the contract as to an item of the property affects, or may reasonably be supposed to affect, the other items by increasing the risk thereon." It requires no argument to show that in this case the continued absence of any occupant of the dwelling house may reasonably be presumed to increase the risk of loss of the barns and granary, and the contents thereof, situated on the same farm, and presumably subject to the care and watchfulness of an occupant of the dwelling house, which the contract calls for.

4. After the examination of one of the owners of the insured property, on April 1, 1887, the board of directors of the defendant company passed the resolution or vote men-

Dohlantry and others vs. The Blue Mounds Fire and Lightning Ins. Co.

tioned in the above statement of facts, refusing to pay the loss. This was probably a sufficient declaration of a forfeiture of the whole policy, and, had no further action been taken by the board or company affecting the policy, it would seem that the direction by the court to the jury to return a verdict for the company would have been correct. But such further action was taken by the board and company, and it is claimed that, under many decisions of this court, the same operated as a waiver of the forfeiture.

The record of the annual meeting of the company, held in January, 1888, shows that such meeting was advised of the action of the board of directors of April 1, 1887, and did not disapprove the same. The record also shows, if we understand it correctly, that the directors reported to the same meeting a list of outstanding valid policies, and among these was the policy in suit for the full amount of $1,575. No objection was made to the validity of the policy, nor was there any suggestion that it had been or should be declared forfeited and erased from the list. At the annual meeting in January, 1889, the directors again reported the policy in suit as a valid policy, to the full amount thereof, against the company. Again the validity of the policy passed unchallenged. On May, 7, 1889, an assessment of two per cent. was made on all outstanding policies of the company, and the policy in suit was assessed, with the others, to the full amount thereof. The plaintiffs were notified to pay such assessment, and paid the same to the treasurer of the company. This payment, with others, was reported regularly to the board of directors. No objection was taken thereto, or attempt to refund the money thus paid, until after this action was commenced.

It seems to us that the above-mentioned acts and omissions of the company and its board of directors are entirely inconsistent with the claim that the policy is forfeited. By holding the plaintiffs as members of the company, and

their property as insured in it,— thus interposing an imped-
iment to their obtaining other insurance on their prop-
erty,— and by requiring them to pay an assessment for
losses occurring after the alleged forfeiture of the policy,—
thus treating the policy as valid by holding plaintiffs to
the performance of obligations which had no existence if it
was invalid,— the company is now estopped to deny its va-
lidity. The cases in this court which hold this doctrine
are cited in the brief of counsel for plaintiffs. The princi-
ple upon which they are decided is that although grounds
exist for declaring the policy forfeited, yet if the company,
having knowledge of all the material facts, takes any ac-
tion to the prejudice of the insured, inconsistent with the
claim that the policy is forfeited, it is estopped to assert
the invalidity thereof. We are of the opinion that this is
such a case. Hence it was error to direct a verdict for the
defendant, for such direction was given solely upon the
ground that the policy is forfeited.

*By the Court.*— The judgment of the circuit court is re-
versed, and the cause will be remanded for a new trial.