McKINNEY, Respondent, vs. GERMAN MUTUAL FIRE INSURANCE SOCIETY OF LIBERTY, GRANT COUNTY, WISCONSIN, Appellant.

*February 11 — March 5, 1895.*

*Insurance against fire: Mutual company: Waiver of forfeiture.*

A mutual fire insurance company which levies and collects assessments under a policy after it has notice of a forfeiture through the use of a stove pipe contrary to the provisions of the policy, waives thereby such forfeiture.

APPEAL from a judgment of the circuit court for Grant county: GEO. CLEMENTSON, Circuit Judge. *Affirmed.*

The defendant is a town mutual insurance society, organized under the laws of this state. On November 15, 1888, the plaintiff paid the requisite amount and procured a policy

of insurance which, by its terms, insured him against loss or damage by fire and lightning to the property in question and other property, for the term of five years, in the sum of $2,035. A fire occurred in the afternoon of September 11, 1893, which destroyed the dwelling-house and most of the contents, for which the plaintiff claimed damage in the sum of $650. If entitled to anything, it is admitted that he should recover $635. The defendant answered by way of admissions and denials and allegations to the effect that the dwelling-house destroyed by fire was not provided with good and sufficient brick or stone chimneys, but had in use at the time of such destruction a stovepipe passing through its roof from a cook stove being used for cooking and with a hot fire therein at the time of its destruction, and from which said dwelling-house took fire when it was so destroyed.

At the close of the trial the court found, in addition to the facts stated, as undisputed facts, that at the time said policy was issued, adjoining said dwelling-house and used in connection with it was a summer kitchen; that there was no chimney of stone or brick in or on this kitchen when said policy was issued, but there had been cut in its roof a hole eighteen inches square, that was covered by sheet iron, in the center of which was a hole seven inches in diameter, and above this hole was a stovepipe seven inches in diameter, with a cap over it, extending some distance above the roof, and this stovepipe was fastened to said piece of sheet iron that covered the hole in the roof; that this kitchen had been in this condition for several years; that when there was a stove set up in the kitchen a six-inch stovepipe entered this larger pipe in the roof; that the policy contained the following provisions, viz.: "No dwelling-house, of whatever kind, shall be taken as a risk or insured by the *German Mutual Fire Insurance Society of Liberty, Grant County, Wisconsin*, if said building shall not be provided with good and sufficient brick or stone chimneys. The society hereby

exclude as risks any and all buildings which have or may have *in use* stovepipes passing through the roof of such building or its additions. Any person or persons who is or may be insured in said society, and who violates the provisions of these amendments, thereby annuls and cancels his or their policy of insurance issued by said society;" that, by the constitution of the defendant company, it was the duty of the secretary of the company (who was also one of its five directors) to inspect and assess the property of persons proposed for membership; that every policy holder in this company, by virtue of taking out a policy in it, became a member of it, and an application to insure in the company was an application for membership; that, the plaintiff having applied for insurance in said company upon said dwelling-house and its contents, the secretary of the company, Mr. H. Bald, went and inspected said house, inside and outside, and decided, for the company, to accept the risk, and either upon that day or the next issued the policy upon which this action is brought, having received from the plaintiff his $1.50 admission fee and his premium note for ten per cent. of the value for which the property covered by the policy was insured; that in the summer of 1890 Mr. Kemper, who was then the secretary of the defendant, was upon the premises where this dwelling-house stood, for the purpose of inspecting other buildings there situated with a view to insuring them, and at that time observed that this summer kitchen was in use; and, according to his testimony in this case, he then told the plaintiff that the use of a stove in this kitchen, with no stone or brick chimney thereon, rendered his policy void; that according to the plaintiff's testimony, what Mr. Kemper then said was that if a fire originated from this pipe going through the roof of the summer kitchen he could not recover upon the policy; that after Mr. Kemper was on the premises in the summer of 1890, as above stated, and before the fire of September 11, 1893, the

company made two assessments upon the premium note the plaintiff had given, amounting together, upon this dwelling-house and its contents, to less than $4.22.

In addition to the facts so found by the court, the jury returned a special verdict to the effect (1) that there was a stove in the summer kitchen when Mr. Bald inspected the premises in November, 1888; (2) that the fire that destroyed the plaintiff's dwelling-house did not begin in the roof of the summer kitchen, where the stovepipe passed through it, and because of the stovepipe passing through it; (3) that the fire that destroyed said house started down below, in the summer kitchen.

Judgment was thereupon ordered by the court in favor of the plaintiff for $715.07, damages and costs. From such judgment the defendant appeals.

For the appellant there was a brief by *Bushnell, Watkins & Moses,* and oral argument by *R. A. Watkins* and *A. R. Bushnell.* They contended, *inter alia,* that it was the *use* of the stovepipe that annulled the policy. There is no testimony that the secretary, Mr. Kemper, had knowledge in 1890 that this pipe was in use. No assessment was levied after that until November, 1891, more than a year. The society had a right to assume that plaintiff would not use this pipe, at least that he was not using it when this assessment and that of December, 1892, were levied. It was entirely competent for plaintiff to take a policy that would be valid when the stove in the summer kitchen was not in use, and void when it was in use; and it was entirely competent for the defendant to issue such a policy. And such a policy being issued, it must be enforced according to its terms. The cases where policies may be canceled on account of certain things done by the insured, *at the option of the insurer,* are not applicable. Here, by the terms of the contract, *the act itself* works the cancellation of the policy, instanter, without any action at all by the society or any of its officers.

McKinney vs. German Mutual Fire Ins. Society.

This is a mutual society. Each policy is a contract by each member with all, and each, and every other member of the society. Each and every other member has a right to insist upon the terms of his contract; and that contract cannot be ·changed without the consent of each and every party to it.. No such consent is shown here.

For the respondent there was a brief by *Clark & Taylor*, and oral argument by *S. H. Taylor*. They argued, among other things, that a mutual company of this kind might waive a forfeiture. *Morrison v. Wis. O. F. M. L. Ins. Co.* 59 Wis. 162; *Zell v. Herman F. Mut. Ins. Co.* 75 id. 521; *Jerdee v. Cottage Grove F. Ins. Co.* id. 353; *Erdmann v. Mut. Ins. Co.* 44 id. 379; *Stylow v. Wis. O. F. M. L. Ins. Co.* 69 id. 224; *Jackson v. N. W. Mut. R. Asso.* 78 id. 463; *Dohlantry v. Blue Mounds F. & L. Ins. Co.* 83 id. 188; *Susquehanna Mut. F. Ins. Co. v. Elkins*, 124 Pa. St. 484, 10 Am. St. Rep. 608. There was a waiver of the forfeiture by collecting assessments up to the time of the fire, especially after· the visit of the secretary. *Osterloh v. New Denmark M. H. F. Ins. Co.* 60 Wis. 126; *Hopkins v. M. & M. F. Ins. Co.* 43 U. C. Q. B. 254; *Jackson v. N. W. Mut. R. Asso.* 78 Wis.. 472; *Stylow v. Wis. O. F. M. L. Ins. Co.* 69 id. 224; 11 Am. & Eng. Ency. of Law, 336.

CASSODAY, J. The defendant is justified in contending that the use of the stovepipe contrary to the provisions of the policy, as found, avoided the policy. *Wilcox v. Continental Ins. Co.* 85 Wis. 193, and cases there cited. The more important question is whether the defendant is in a position to make such contention available. It is not found, and does not appear, that the secretary, Bald, knew that the stovepipe was being used at the time he inspected the premises and issued the policy. But the court found in effect, as undisputed, that the secretary who succeeded him, Kemper, was upon the premises in the summer of 1890; that he then

observed that the kitchen was in use; that he then told the plaintiff that the use of the stove, with no stone or brick chimney, would avoid the policy; that afterwards, and before the fire, the defendant made two assessments upon the premium note given by the plaintiff upon the said dwelling-house and its contents, amounting to $4.22, which the plaintiff paid. True, it is not found by the court or jury that Kemper, or any official of the company, knew that the stove and pipe were so in use at the time such assessments were made and paid, but Kemper testified in behalf of the defendant to the effect that he was on the premises July 3, 1890; that he then saw there was a stove used in there, and the stovepipe running up through the roof, as mentioned; that he guessed they were using the stove about that time; that he told the plaintiff that such use would annul the policy; that the plaintiff told him afterwards, and before the fire, that it was used two or three months in the year; that he told the plaintiff that such use of the stovepipe would annul the policy; that since then the defendant had levied two assessments on the plaintiff, and he had paid the same. It further appears that the plaintiff paid an assessment of $4.16 November 18, 1891, and $3.06 December 16, 1892. Such evidence is undisputed. The making and collecting of those assessments by the defendant, with knowledge of the forfeiture, was a waiver of the same, and certainly estops the defendant from now taking advantage of such forfeiture. *Dohlantry v. Blue Mounds F. & L. Ins. Co.* 83 Wis. 181; *True v. Bankers' L. Asso.* 78 Wis. 287; *Jerdee v. Cottage Grove F. Ins. Co.* 75 Wis. 345; *Renier v. Dwelling House Ins. Co.* 74 Wis. 89.

*By the Court.*— The judgment of the circuit court is affirmed.