THOMPSON, Appellant, vs. THE CALEDONIA FIRE INSURANCE COMPANY, Respondent.

*March 12 — March 27, 1896.*

*Insurance against fire: Unoccupied dwelling: Court and jury: Amendment of pleading.*

1. In an action upon a policy containing a provision that the company will not "pay any loss on a dwelling which at the time of the loss or damage has remained unoccupied seven days," where it appeared without dispute that the house was unoccupied at the time of the fire, and had been so unoccupied for more than seven days continuously, a verdict was properly directed for the defendant.
2. Where the original answer in such case did not contain an allegation of nonoccupancy, the allowance, at the trial, of an amendment setting up that fact was not an abuse of discretion, where, as a condition of the amendment, plaintiff was offered a continuance at defendant's expense in case she found she could not proceed.

APPEAL from a judgment of the circuit court for Waupaca county: CHAS. M. WEBB, Circuit Judge.    *Affirmed.*

*F. C. Weed,* for the appellant.

For the respondent there was a brief by *Goldberg & Hoxie,* attorneys, and *Felker, Goldberg & Felker* and *C. L. Aarons,* of counsel, and oral argument by *C. W. Felker.*

WINSLOW, J.    This is an action upon a fire insurance policy issued by the defendant, a .mutual town fire insurance com-

pany, upon the plaintiff's dwelling house, which was thereafter, during the life of the policy, destroyed by fire. The policy contained this provision, among others: "Sec. 17. This company will not insure any unoccupied dwelling house, nor will they pay any loss on a dwelling which at the time of the loss or damage has remained unoccupied seven days." Upon the trial it appeared, without dispute, that the house was unoccupied at the time of the fire, and had been so unoccupied for more than seven days continuously. Upon this fact the court directed a verdict for the defendant, and we do not see how any other course could have been pursued.

The original answer did not contain an affirmative allegation of nonoccupancy, and the court allowed an amendment setting up such fact, upon the trial. This is claimed to be error, but the claim is untenable. The power of the court, in its discretion, to allow amendments to the pleadings, even upon the trial, is too well known to require argument or authority in its support. There does not seem to have been any abuse of such discretion here. The court, as a condition of the amendment, offered the plaintiff a continuance, at the defendant's expense, in case she found that she could not proceed, but she chose to proceed with the trial. There are no facts in the case showing a waiver by the company of the defense.

*By the Court.*— Judgment affirmed.