SERVAIS, Appellant, vs. SHELBY FARMERS MUTUAL FIRE INSURANCE COMPANY, Respondent.

*November 8—December 6, 1927.*

*Insurance: Loss during non-occupancy of house insured: Forfeiture because of failure to procure vacancy permit: Estoppel.*

1. Where an insurer's agent was informed that on the completion of another house plaintiff intended to move from the house insured, and the agent informed plaintiff that he must obtain a vacancy permit on moving, and nothing was said or done by the insurer or agent indicating a promise to issue such permit or to waive its issuance, the neglect of the insured to obtain a permit avoided the policy as to the dwelling, and is a good defense. p. 328.

2. The insurer is not prevented from asserting such defense by reason of any waiver or estoppel claimed to arise under sec. 209.08, Stats., providing that knowledge of the agent of the insurer shall be knowledge of the insurer. pp. 327, 329.

3. Substantial changes in the policy the day after the fire in the gross amount and the several items of the policy, coupled with an express denial of liability for the loss sued for on the ground of the failure of the insured to secure the vacancy permit, are not such a recognition of the policy as being in force as to estop the insurer from denying liability, especially where there was nothing to show a subsequent assessment or demand against the insured under the policy as a whole or in part, or any requirement for proofs of loss.  pp. 329, 330.

APPEAL from a judgment of the circuit court for La Crosse county: R. S. COWIE, Circuit Judge. *Affirmed.*

August 24, 1924, plaintiff took out a policy of insurance on his farm property with defendant.  The risk covered contained the following items:

On one and one-half story frame dwelling house. . .   $800
On two-story frame and brick dwelling house, not
  complete . . . . . . .. . . . . . . . . . . . . . . . . . . : . . . . . . . . . . . .   3,000
On household furniture and wearing apparel therein    200

When writing the policy defendant's agent was informed that upon the completion of the two-story house the plaintiff intended to move from the one to the other and that the old house was thereafter to be used for a hen-house and as one of the group of farm buildings.

In January, 1925, the family moved into the new house, leaving a few pieces of furniture and some winter clothing in the old house.

On June 10, 1925, the old dwelling house and contents were totally destroyed by fire.  Defendant was immediately notified and thereupon promptly denied any liability.

On June 11th and after such notice and denial (plaintiff having theretofore expressed a desire for a change and increase in the amount of said policy), defendant's secretary wrote on the face of the policy to the effect that the $800 item *supra* was a total loss; that the insurance on the new dwelling house was changed from $3,000 to $4,000; that the $200 originally on the household furniture and wearing ap-

o

parel sustained a loss of $25, and was then in force for but $175; and that $200 was added; so that the total insurance appeared to be, on June 11th, $7,875 instead of the original $7,500.

Plaintiff sued to recover the $825 loss. The court, a jury trial being waived, denied recovery because of plaintiff's failure to secure the permit or defendant's consent to such vacancy.

From the judgment of dismissal plaintiff appeals.

For the appellant there was a brief by *Baldwin & Bosshard* of La Crosse, and oral argument by *C. L. Baldwin*.

For the respondent there was a brief by *George H. Gordon, Law & Gordon* of La Crosse, and oral argument by *George H. Gordon*.

ESCHWEILER, J. The *Farmers Mutual* insurance policy here in question contained the following:

"Section 15. This company will not insure unoccupied dwelling houses and will not be liable for nor pay any loss on any dwelling house which has been vacant for fifteen days previous to the occurrance [sic] of such loss, unless consent thereto be indorsed on the policy by the president and secretary."

Of such condition the plaintiff was bound to know. *Stillman v. North River Ins. Co.* 192 Wis. 204, 207, 212 N. W. 67. Plaintiff, however, contends that the knowledge of the agent at the time the policy was written of the then intention of the plaintiff to move from the old into the new dwelling house had the effect, under the law, of so charging the defendant company that it cannot now be heard to defend on the ground of the more than fifteen days' vacancy of the old house without the permit so required by section 15.

In this behalf plaintiff relies upon sec. 209.08 (sec. 1977—3), Stats., providing that knowledge of such an insurance agent at the time the policy is issued shall be the knowledge of the company, and any fact which breaches a

condition of the policy and known to the agent when the policy is written shall not defeat recovery thereon in the event of loss. Though that statute might well have had such a claimed effect had the new house been burned while vacant, and between the writing of the policy and the moving, because of the then imputed knowledge of the defendant of its actual condition as being outside of the policy provisions, yet the question here is substantially different.

Nothing in the nature of fraud or misrepresentation on the part of defendant or its agent as against the plaintiff is here suggested. No one said that a vacancy permit would not become necessary when, at the indefinite time in the future, the old house would become vacant and the fifteen-day period of such permitted vacancy begin to run. Plaintiff does not assert that he so understood or supposed, and it cannot be claimed that the agent who wrote the policy had any such understanding in view of the express finding of the court, supported by the evidence, that the agent, immediately upon being informed by plaintiff of the moving and consequent vacancy, told the plaintiff that he must, in order to maintain the insurance on the old house, obtain such a vacancy permit.

There was nothing here said or done by defendant company or by the agent who wrote the policy on its behalf at any time indicating a promise by or on behalf of the company to issue such vacancy permit or that application for it would be waived, and the disclosed facts are clearly to the contrary. The plaintiff therefore cannot now assert that he was lured into his neglect to follow the express conditions and requirements of the policy by anything said or done by the company or its agent before, at, or after the period when action by plaintiff was necessary in order to continue his policy in effect as to the old house.

It is clear, therefore, that there was, by the terms of the policy and the neglect of the plaintiff to obtain the vacancy

permit during the allowed period of fifteen days, a self-executing voiding of the policy as to that item, and the company is not now prevented from asserting such defense by reason of any waiver or estoppel. *Stillman v. North River Ins. Co.* 192 Wis. 204, 208, 212 N. W. 67, *supra,* where the location of the property was changed; *Kitch v. Northwestern Nat. Ins. Co.* 189 Wis. 378, 388, 390, 207 N. W. 716, foreclosure proceedings; *Smeesters v. New Denmark M. H. F. Ins. Co.* 177 Wis. 41, 43, 187 N. W. 986, a subsequent mortgage; and *Thompson v. Caledonia F. Ins. Co.* 92 Wis. 664, 66 N. W. 801, where just such a policy and provisions as here were involved, and in all of which cases recovery was denied.

Plaintiff further asserts that the changes in the policy the day after the fire and set forth above were such a recognition of the policy as being in force that the company cannot now be heard to deny liability. This contention is based upon the theory that the policy on the entire set of farm dwellings, buildings, and personal property was indivisible under the holdings in such cases as *Dohlantry v. Blue Mounds F. & L. Ins. Co.* 83 Wis. 181, 187, 53 N. W. 448; *Bloomer v. Cicero Mut. F. Ins. Co.* 183 Wis. 407, 409, 198 N. W. 287, and cases there cited, and that, being so indivisible, its recognition by defendant as being in force at all must be held to recognize it as all in force.

Such substantial change as was attempted to be made in the gross amount and the several items of the policy, however, could not be binding on plaintiff without his consent (*Dohlantry v. Blue Mounds F. & L. Ins. Co.* 83 Wis. 181, 187, 53 N. W. 448, *supra*), and it would amount to the making of a new policy for which there is no showing of any contractual relationship between the parties here, a difficulty quite similar to that found insurmountable to recovery in *Macomber v. Minneapolis F. & M. Ins. Co.* 187 Wis. 432, 436, 204 N. W. 331.

Furthermore, the change was one coupled and tied up with an express denial of liability for the precise loss now asserted, and plaintiff cannot be allowed to take the one divorced from the other.  Neither is there any showing of subsequent assessment or demand against plaintiff under the policy either as a whole or in part, or any requirement by defendant for the proofs of loss or the putting the plaintiff to any expense, or anything which can be construed as a recognition of the policy as originally written.

*By the Court.*—Judgment affirmed.